**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PAUL BLACK and
DANIEL ALLEN JOHNSON,
on behalf of themselves and all
other similarly situated individuals,

        Plaintiffs,

vs.                                      Case No. 3:09-cv-502-J-32JRK

WINN-DIXIE STORES, INC.,
a Florida Corporation,

        Defendant.

_____

## PRELIMINARY APPROVAL ORDER

THIS CAUSE is before the Court upon the parties' Motion for Preliminary Approval of Proposed Settlement (Doc. 38) and documentation in support thereof (Docs. 39, 40). The Court conducted a telephone hearing on the motion on January 10, 2011, the record of which is incorporated by reference (Doc. 43). After careful consideration of the Settlement Agreement, its exhibits, and the motion and supporting documentation, the Court finds that the motion should be granted.

I. **Background**

    A. **Plaintiffs' Claims**

Paul Black and Daniel Allen Johnson ("Plaintiffs" or "Class Representatives") filed their Class Action Complaint (Doc. 1) against Defendant Winn-Dixie Stores, Inc. ("Winn-Dixie" or "Defendant") on June 5, 2009. Therein, Plaintiffs allege that Winn-Dixie violated the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq.; specifically 15

U.S.C. §§ 1681b(b)(2)(A) and 1681b(b)(3)(A), by using Plaintiffs' and other putative class members' consumer reports in processing employment applications without obtaining the proper authorization and without providing disclosures to the applicants.  Further, Plaintiffs allege that Winn-Dixie used information contained in the consumer reports to take adverse action against the individuals but failed to provide at least five business days' notice, as required by the FCRA, of its intent to do so.

Winn-Dixie denies these allegations generally and specifically.

**B.     The State of Litigation and the Settlement Negotiations**

The parties conducted both formal and informal discovery early in this matter.  Winn-Dixie documents were produced and Plaintiffs' own evidence was disclosed.  Discovery was sufficiently significant and complete for Plaintiffs to then agree to commence settlement discussions and mediation.

Thereafter, the parties engaged in productive and extended settlement talks. The negotiations leading up to the Proposed Settlement began on March 2, 2010, with an in-person mediation in Atlanta, Georgia.  After the in-person mediation, the Parties continued to discuss the possibility of settlement.  In addition to litigation counsel, management representatives of Winn-Dixie also attended at least one of these sessions in person.  The basic terms of settlement were negotiated directly with the Mediator and took at least a full day of his involvement and supervision.  After extensive negotiations, the parties ultimately reached a settlement of class claims.  The Court therefore finds that the Proposed Settlement was the product of arm's-length negotiations between informed opponents otherwise at odds for the entire litigation.

2

### C.     Proposed Settlement and Release Terms

The principal terms of the Proposed Settlement Agreement, attached as Exhibit A, are

as follows.

**1.     The Classes Defined.**  The parties propose the following settlement classes:

**a.     *Damages Settlement Class.***  The "Damages Settlement Class" is

defined to include:

> All consumers residing in the United States who, between June 1, 2007 and
> February 8, 2008:  (i) were employed by Defendant; (ii) were the subject of a
> post-hire consumer report used by Defendant to make an employment
> decision; and (iii) against whom Defendant took an adverse action based in
> whole or in part on information contained in the consumer report.

**b.     *Injunctive Relief Settlement Class.***  The "Injunctive Relief Settlement

Class" is defined to include:

> All persons residing in the United States (including all territories and other
> political subdivisions of the United States) who during the period June 5, 2007
> to the date of Preliminary Approval of this Settlement Agreement made
> application(s) for employment with Defendant.

The Damages Settlement Class is a subset of the Injunctive Relief Settlement Class.  The

Damages Settlement Class will not include persons who timely opt out of that Class;

however, any Damages Settlement Class Member who timely opts out remains a member

of the Injunctive Relief Settlement Class.   Both classes also exclude (i) all judicial officers

in the United States and their families through third degree of relationship; and (ii) all persons

who have already settled or otherwise compromised their claims against Defendant.

3

    **2.**    **Relief to the Classes**

        *a.*    *Damages Settlement Class.*  The parties have agreed that Winn-Dixie shall be responsible for payment, into a fund, in the amount of $385,000 (Three hundred and eighty-five thousand dollars; the "Common Fund") to be equally distributed among the members of the Damages Settlement Class after the deduction of awarded attorneys fees, costs and incentive awards.  The Proposed Settlement contemplates that Class Counsel will make an application to the Court for an award of attorneys' fees, costs and incentives in an amount not to exceed Thirty Percent (30%) of the Common Fund.  Defendant's records show that the Damages Settlement Class consists of approximately 800 members, entitling each member to a net payment of approximately $330.00 (Three hundred and thirty dollars) from the Settlement after the deduction of fees, costs, and incentives.

        *b.*    *Injunctive Relief Settlement Class.*  Separate and apart from the relief for the Damages Settlement Class, the parties have negotiated meaningful changes to the process and system used by Winn-Dixie to make the disclosures required by 15 U.S.C. §1681b(b)(2)(A) before Winn-Dixie accesses a consumer background check.  Winn-Dixie denies that its previous procedures were unlawful.  However, the entry of a consent order as negotiated will better ensure that Winn-Dixie provides these disclosures by imposing changes to its online application process.  These changes will provide Class Members and others who may apply for employment with Winn-Dixie in the future a more certain ability to obtain the FCRA disclosures required at §1681b(b)(2)(A) in writing.

    As no monetary consideration is provided, none of the Injunctive Relief Settlement Class members will release any of their substantive claims.  The only change in position for

Injunctive Relief Settlement Class members is a restriction on their ability to prosecute in the future by a class action a claim for a pre-settlement violation of §1681b(b)(2)(A).

### 3.   Release of Claims

The parties have agreed to language that the Damages Settlement Class Members shall release Defendant from claims arising from the facts alleged in the Complaint.  The Proposed Settlement does not contain a general release.

### 4.   Notice to the Class

The parties have proposed a notice program designed to reach as many Class Members as possible.  Notice Administrator Garden City Group, Inc., located at 105 Maxess Rd., Melville, NY 11747, will coordinate dissemination of notices to all Class Members.  No later than **March 3, 2011**, the Notice Administrator will provide the Injunctive Relief Settlement Class Notice by means of advertisement of a nationally read newspaper.[1]  Also by **March 3, 2011**, the Notice Administrator will provide direct-mail Notice to the Damages Settlement Class, postage prepaid First Class.[2]

The names and addresses for the Damages Settlement Class Notice were obtained from the information provided by the Class Members when they completed employment applications with Winn-Dixie.  The addresses will also be updated and checked against the United States Postal Service's National Change of Address database.  In the event that a

---

[1]   Notice by publication is regularly approved for Fed. R. Civ. P. Rule 23(e) settlement notices.  3 Newberg on Class Actions §8:34 (4th ed.).

[2]   The Supreme Court has concluded that notice sent by first class mail to each class member satisfies due process.  See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812-13 (1985).

Class Member cannot be reached in this manner, the parties will on a case by case basis evaluate the use of a further public records database search for an alternate address. The Notice Administrator shall record all notices returned for any reason.

The Settlement Notices include a toll-free number and website address Class Members can consult to get additional information regarding the Settlement. The Notice Administrator shall be responsible for maintaining the toll-free number and Internet website. The website operated by the Notice Administrator will: (1) enable Settlement Class Members to access and download the Class Notice; (2) enable Settlement Class Members to download an exclusion form, (3) provide a list of critical dates and deadlines in the settlement process; and (4) provide relevant updates and information with respect to the settlement and approval process. The website will be made available to all Class Members no later than **February 28, 2011**. **No later than May 25, 2011**, Class Counsel shall serve and file a sworn statement of the Notice Administrator evidencing compliance with the provisions of this Order concerning (1) the availability of the Settlement website and telephone assistance program; and (2) the mailing of the Damages Settlement Class Notice.

Both the Damages Settlement Class Notice and the Injunctive Relief Settlement Class Notice provide reasonable and adequate information from which potential Class Members may evaluate their rights and obligations pursuant to the Settlement. The Court substantially approves the form and content of the Settlement Notices attached hereto as Exhibits B, C and D, and finds that they fairly and adequately: (1) describe the terms and effect of the Settlement Agreement, (2) give notice to potential Class Members of the time and place of the Fairness Hearing, and (3) describe how the recipients of the Damages Settlement Class

Notice may exclude themselves from the Damages Settlement Class.  The Court finds that the timing, form, content, and method of dissemination of the Settlement Notices is adequate and comports with due process and the requirements of Rule 23.

Pursuant to the Settlement Agreement, Winn-Dixie has agreed to be solely responsible for making all payments necessary to effectuate sending of the Settlement Notices and associated costs, including maintenance of the toll-free number and Internet website.  However, Winn-Dixie may recoup up to $10,000 of this expense from any uncashed or undeliverable Common Fund distribution checks.

### 5.    Class Action Fairness Act Notice

On October 22, 2010, Defendant provided notice of the Proposed Settlement via overnight courier to the Attorney General of the United States and to the attorneys general of all states and United States territories where Class Members reside, pursuant to the Class Action Fairness Act of 2005 ("CAFA"),  28 U.S.C. § 1715.  In addition, the Fairness Hearing is scheduled more than 90 days after the notice was provided by Class Counsel, in compliance with 28 U.S.C. § 1715(d).

### 6.    Class Member Opt-Out Rights

Any Damages Settlement Class Member who wishes to be excluded from the Proposed Settlement may exclude him/herself by mailing a specific written statement requesting such exclusion to Garden City Group, Exclusion Requests-Black Settlement Administrator, located at 105 Maxess Rd., Melville, NY, 11747.

The statement requesting exclusion from the Damages Settlement Class and the Proposed Settlement must include the person's name and address, and must be postmarked

7

**no later than April 29, 2011.**  If a person requests exclusion, he or she will not receive a settlement payment, and cannot object to the settlement.  However, he or she will not be legally bound by anything that happens in this litigation, and may be able to sue Winn-Dixie in the future.

By **May 6, 2011**, the Notice Administrator shall: (a) notify Class Counsel and Defendants' Counsel in writing of the names of the Damages Settlement Class Members, if any, who requested exclusion; (b) file with the Court a sworn statement listing all persons who have timely submitted requests for exclusion; and (c) provide copies of all requests for exclusion received by it to Class Counsel and Defendants' Counsel.

**7.    Objections to Settlement**

Any person who wishes to object to the Proposed Settlement must file with the Court a notice of intention to object that contains the following: (i) the objector's name, address, and telephone number; (ii) each objection and the basis for the objection; and (iii) the signature of the individual that is objecting.  The notice of objection must also indicate whether the objecting individual and/or his or her attorney intends to appear at the Fairness Hearing.  Objections must be postmarked **no later than April 29, 2011,** and copies of all papers filed with the Court must be served on Class Counsel and Defendant's Counsel.  The parties may file a joint response to any objections **no later than May 19, 2011.**

An objector who wishes to speak at the Fairness Hearing must send a document entitled "Notice of Intent to Appear" to the Court, Class Counsel, and Defendant's Counsel, postmarked **no later than April 29, 2011.**  The notice must reference the case number of

8

this case and include the individual's name, address, telephone number, as well as information about what he or she intends to say at the hearing.  If the individual will be represented by a lawyer other than Class Counsel, the notice must include the name, address, and telephone number of the lawyer.  The Court will determine whether an objector will be allowed to speak at the Fairness Hearing.

### 8.    Incentive Awards and Attorneys' Fees and Expenses

Plaintiffs will apply for incentive awards for Class Representatives to compensate them for their efforts in prosecuting this case, including retaining counsel, assisting in discovery, and keeping abreast of the litigation.  Winn-Dixie has agreed not to oppose the application for incentive awards, provided that the awards do not exceed $2,500 for each Class Representative.  Plaintiffs shall file their application for incentive awards **no later than April 1, 2011.**

The parties have advised the Court that they exclusively focused on achieving a settlement and pointedly did not negotiate attorneys' fees and expenses (or incentive awards) until after they had reached agreement on all material settlement terms.  Ultimately, as to attorneys' fees, the Settlement Agreement contemplates that (1) as to the Damages Settlement Class, Class Counsel will make an application to the Court for an award of attorneys' fees, costs and other expenses in an amount not to exceed Thirty Percent (30%) of the Common Fund; and (2) as to the Injunctive Relief Settlement Class, Class Counsel will make an application to the Court for an award of attorneys' fees, costs and other expenses in an amount not to exceed $32,500.00, which amount will not be paid from the Common Fund.  Class Counsel shall file their application for attorneys' fees and expenses

9

**no later than April 1, 2011.** Any objections to the application for attorneys' fees and expenses shall be filed **no later than April 8, 2011.**

### 9.   Fairness Hearing

A hearing (the "Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby SCHEDULED to be held before the Court **on June 7, 2011, at 2:00 p.m. at the United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, in Courtroom 10D,** to determine finally, among other things:

> Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court;

> Whether the Class Representatives fairly and adequately represent the interests of the Class Members;

> Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

> Whether the notice, and notice methodology implemented pursuant to the Agreement (i) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing, (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

> Whether the Settlement should be approved as fair, reasonable, and adequate;

> Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement;

Whether the Fairness Hearing was conducted more than ninety (90) days after the Counterclaim Defendants provided notice of the Settlement to the United States Attorney General, the Florida Attorney General, and the Office of the Comptroller of the Currency in accordance with the Class Action Fairness Act, 28 U.S.C. §1715(d);

Whether the award of attorneys' fees and costs to Class Counsel is reasonable; and

Any other issues necessary for final approval of the Settlement.

The Court reserves the right to postpone, adjourn, or continue the Fairness Hearing without further written notice.

## II.     Applicable Law

### A. Conditional Certification of Settlement Classes

When the Court is presented with a proposed settlement prior to a decision on class certification, the Court must determine whether the proposed settlement class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23.  Specifically, the class must meet the Rule 23(a) requirements of (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.  In addition, the parties must satisfy one of the subsections of Rule 23(b).

The Court finds that the numerosity requirement has been met.  The Damages Settlement Class, which is itself a subset of the larger Injunctive Relief Settlement Class, consists of approximately 800 members. See Kuehn v. Cadle Co., Inc., 245 F.R.D. 545, 548 (M.D. Fla. 2007) ("Although mere numbers are not dispositive, the Eleventh Circuit's general rule is that 'less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.'")(quoting Cox v. Am. Cast Iron Pipe Co., 784

F.2d 1546, 1553 (11th Cir. 1986)).  The Court also finds that the commonality requirement has been met.  See Williams v. Mohawk Indus., Inc., 568 F.3d 1350, 1355 (11th Cir. 2009)("Commonality requires 'that there be at least one issue whose resolution will affect all or a significant number of the putative class members.'")(quoting Stewart v. Winter, 669 F.2d 328, 335 (5th Cir. 1982)).  Here, commonality is satisfied because (1) as to the Damages Settlement Class, Winn-Dixie allegedly used information contained in the consumer reports to take adverse action against each of the putative class members but failed to provide at least five business days notice, as required by the FCRA, of its intent to do so; and (2) as to the Injunctive Relief Settlement Class, the proposed changes to Winn-Dixie's online application system provide putative class members the ability to access disclosures and provide proper authorization before Winn-Dixie accesses a consumer background check.

Plaintiffs' claims also satisfy the typicality requirement, which is met where "the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory."  Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984).  Here, the claims of both Class Representatives arise from Defendant's use of a consumer report to make an adverse employment decision without appropriate disclosure and authorization.

Likewise, the Court finds that the Class Representatives and Class Counsel meet the adequacy requirement of Rule 23(a)(4).  See Landon v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1254 (11th Cir. 2004)("Adequacy of representation is primarily based on 'the forthrightness and vigor with which the representative party can be expected to assert and

defend the interest of the . . . class' and 'whether plaintiffs have interest antagonistic to those of the rest of the class.'")(quoting <u>Kirkpatrick v. J.C. Bradford & Co.</u>, 827 F.2d 718, 726 (11th Cir. 1987)). The Class Representatives have no interests which are adverse or antagonistic to the Settlement Class.  Furthermore, Class Counsel has extensive experience in both FCRA and class action litigation, having been involved in several large national FCRA class actions.  <u>See</u> Docs. 40-5, 40-6, Declarations of Leonard A. Bennett and Janet R. Varnell.

In addition to the requirements of Rule 23(a), a proposed class must also satisfy one of the sections of Rule 23(b).  Based on the findings set out above, the Court has preliminarily determined that common questions of law and fact predominate over any individual questions and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.  <u>See</u> Fed. R. Civ. P. 23(b)(3); <u>Klay v. Humana, Inc.</u>, 382 F.3d 1241, 1255 (11th Cir. 2004) ("Common issues of fact and law predominate if they 'have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief.'").  As a result, the Court preliminarily certifies the Damages Settlement Class and the Injunctive Relief Settlement Class for settlement purposes under Fed. R. Civ. P. 23(b)(3).

## B.  Appointment of Class Counsel

Having preliminarily certified the Settlement Class under Rule 23(b)(3), the Court is required to appoint class counsel under Rule 23(g).  Based on their extensive experience in both FCRA and class action litigation, the Court designates Leonard A. Bennet of Consumer Litigation Associates, P.C., Newport News, VA, and Janet Varnell of Varnell & Warwick, P.A., The Villages, FL, as Class Counsel under Rule 23(g).

### C. Preliminary Approval of Proposed Settlement

Federal jurisprudence strongly favors resolution of class actions through settlement. See San Francisco NAACP v. San Francisco Unified Sch. Dist., 59 F. Supp. 2d 1021, 1029 (N.D. Cal. 1999). Federal Rule of Civil Procedure 23 requires Court review of the resolution of a class action such as this one. Specifically, the Rule provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Court approval is required to ensure that the parties gave adequate consideration to the rights of absent class members during the settlement negotiations. Henley v. FMC Corp., 207 F. Supp. 2d 489, 492 (S.D. W.Va. 2002) (citing In re Jiffy Lube Secs. Litig., 927 F.2d 155, 158 (4th Cir. 1991)). Approval of a class action settlement is committed to the "sound discretion of the district courts to appraise the reasonableness of particular class-action settlements on a case-by-case basis, in light of the relevant circumstances." In re MicroStrategy, Inc. Sec. Litig., 148 F. Supp. 2d 654, 663 (E.D. Va. 2001). Additionally, "there is a strong initial presumption that the compromise is fair and reasonable." Id. (quoting S. Carolina Nat'l Bank v. Stone, 139 F.R.D. 335, 339 (D.S.C. 1991)).

Preliminary approval is the first of a two-step process for approval of a proposed class action settlement. See Fresco v. Auto Data Direct, Inc., 2007 WL 2330895, *4 (S.D. Fla. 2007). In this first step, the court simply determines whether the proposed settlement "is within the range of possible approval" and whether it is reasonable to issue notification to class members of the settlement's terms. Id. (internal quotations omitted). In the second step, after notice to the class and an opportunity is provided for absent class members to

14

object or otherwise be heard, the court must determine whether to grant final approval of the settlement as fair, reasonable and adequate, under the rules of civil procedure. Id.; Fed. R. Civ. P. 23(e)(2).

Preliminary approval of a proposed class action settlement does not involve a determination of the merits of the proposed settlement or affect the substantive rights of any class member. Where, as here, the proposed settlement is the result of serious, arm's-length negotiations between the parties, has no obvious deficiencies, falls within the range of possible approval, and does not grant preferential treatment to the Class Representatives or other segments of the class, courts generally grant preliminary approval and direct that notice of a formal fairness hearing be given to class members. See Williams Foods, Inc. v. Eastman Chemical Co., 2001-2 Trade Cases (CCH) ¶ 73,414, 2001 WL 1298887 (D. Kan. Aug. 8, 2001); see also In re Minolta Camera Prods. Antitrust Litig., 668 F. Supp. 456, 459-60 (D. Md. 1987). The Court therefore finds that the Proposed Settlement satisfies all of the factors required for preliminary approval under Rule 23. Accordingly, it is hereby

**ORDERED**:

The parties' Motion for Preliminary Approval of Proposed Settlement (Doc. 38) is **GRANTED** consistent with the detailed findings and procedures outlined above.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of January, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:
counsel of record