# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**PAUL BLACK** and
**DANIEL ALLEN JOHNSON,**
on behalf of themselves and all other
similarly situated individuals,

**CLASS REPRESENTATION**
**Case No. 3:09-cv-00502-TJC-JRK**

      **Plaintiffs,**

v.

**WINN-DIXIE STORES, INC,**
a Florida Corporation,

      **Defendant.**

_____/

## SETTLEMENT AGREEMENT

This document memorializes an agreement (the "Settlement Agreement" or "Agreement") for the settlement of a case pending in the United States District Court of the Middle District of Florida, which is captioned *Paul Black and Daniel Allen Johnson v. Winn-Dixie Stores, Inc.*, No. 3:09-CV-502-TJC-JRK, and is entered into as of October 12, 2010.

## I.     Recitals.[1]

1.     On June 5, 2009, Plaintiffs Paul Black and Daniel Allen Johnson ("Plaintiffs") filed a putative class action against Defendant Winn-Dixie Stores, Inc. ("Defendant" or "Winn-Dixie") in the United States District

---

[1] Definitions of terms are contained in Section II *infra.*

1

Court for the Middle District of Florida, Jacksonville Division, Civil Action No. 3:09-CV-502-TJC-JRK (the "*Black* Litigation").

2.     In their Complaint, Plaintiffs assert four causes of action for violations of the Fair Credit Reporting Act (the "FCRA"), specifically 15 U.S.C. §§ 1681b(b)(2)(A) and 1681b(b)(3)(A).

3.     Defendant denied the allegations of the Plaintiffs in the *Black* Litigation, denied wrongdoing of any kind and further denied that the *Black* Litigation satisfied the requirements for class certification under Federal Rule of Civil Procedure 23.

4.     For several months, the Parties to the *Black* Litigation engaged in discovery, including the exchange of written discovery and relevant documents.

5.     The negotiations leading up to this Settlement began on March 2, 2010, with a mediation before Hunter Hughes in Atlanta, Georgia. After the in-person mediation, the Parties continued to discuss the possibility of settlement.

6.     After several months of settlement negotiations, the Parties agreed on a resolution of Plaintiffs' claims as set forth herein.

7.     The Parties recognize that the outcome of the *Black* Litigation is uncertain, and that a final result through the litigation process would require

2

substantial risk, time, and expense.  The Parties and their counsel therefore have agreed and desire to resolve the *Black* Litigation according to the terms of this Settlement Agreement.  The Parties and their counsel believe that this Settlement Agreement is a fair, reasonable, and adequate resolution of the *Black* Litigation.  The Parties further believe that the prompt implementation of the Settlement Agreement is preferable to further prosecution of the *Black* Litigation.

## II.    Definitions.

8.    "Aggregated Action" means any action in which two or more individual plaintiffs assert claims relating to the same or similar alleged conduct.

9.    "Black" means Paul Black.

10.    "*Black* Litigation" means the lawsuit action entitled *Paul Black and Daniel Allen Johnson v. Winn-Dixie Stores, Inc.*, No. 3:09-CV-502-TJC-JRK.

11.    "CAFA Notice" means the notice to the appropriate federal and state officials identified in 28 U.S.C. § 1715(a) required under the Class Action Fairness Act of 2005.

12.    "Class Action" means any action brought by one or more individual plaintiffs on behalf of a class of similarly situated persons under

3

any applicable state or federal statute or rule, whether certified or uncertified.

13.     "Class Counsel" means Consumer Litigation Associates, P.C., The Consumer & Employee Rights Law Firm, and Varnell & Warwick, P.A.

14.     "Court" means the United States District Court for the Middle District of Florida, Jacksonville Division.

15.     "Damages Settlement Class" means all consumers residing in the United States who, between June 1, 2007 and February 8, 2008:  (i) were employed by Defendant; (ii) were the subject of a post-hire consumer report used by Defendant to make an employment decision; and (iii) against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report.  The Damages Settlement Class is a subset of the Injunctive Relief Settlement Class.  The Damages Settlement Class shall not include persons who timely Opt-out of that Class; however any Damages Settlement Class member who timely Opt-out remains a member of the Injunctive Relief Settlement Class.

16.     "Damages Settlement Class List" means a list produced by Defendant containing the following information for each member of the Damages Settlement Class:  (i) the consumer's first, middle and last name;

4

(ii) the consumer's last known address; and (iii) the consumer's Social Security number.

17.   "Damages Settlement Long-Form Notice" means the notice of the Settlement (in a form substantially similar to that mutually agreed upon by the Parties and approved by the Court) provided to the Damages Settlement Class that provides the Damages Settlement Class members with all the information necessary to be provided pursuant to Federal Rule of Civil Procedure 23 and the requirements of due process.

18.   "Defendant" means Winn-Dixie Stores, Inc.

19.   "Defendant's Counsel" means Kilpatrick Stockton LLP.

20.   "Effective Date" means the date on which the Judgment becomes Final.

21.   "FCRA" means the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.

22.   "Final" means the termination of the *Black* Litigation after each of the following events:   (i) the Settlement Agreement is approved in all respects by the Court; and (ii) a Judgment of dismissal with prejudice is entered with respect to the Plaintiffs, all Injunctive Relief Settlement Class members and all Damages Settlement Class members and the time for the filing of any appeals has expired or, if there are appeals, approval of the

5

Settlement and Judgment has been affirmed in all respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review. For purposes of this definition, the term "appeal" includes writ proceedings.

23.   "Final Fairness Hearing" means the hearing at which the Court will consider and finally decide whether to approve the Settlement, enter Judgment, and make such other ruling as are contemplated by this Settlement. The Final Fairness Hearing shall not be scheduled for a date less than 90 days following the service CAFA Notice as set forth herein.

24.   "Injunctive Relief Settlement Class" means all persons residing in the United States (including all territories and other political subdivisions of the United States) who during the period June 5, 2007 to the date of Final Approval of this Settlement Agreement made application(s) for employment with Defendant. The Injunctive Relief Settlement Class, however, shall not include:   (i) all judicial officers in the United States and their families through third degree of relationship; and (ii) all persons who have already settled or otherwise compromised their claims against Defendant.

25.   "Injunctive Relief Settlement Long-Form Notice" means the notice of the Settlement (in a form substantially similar to that mutually agreed upon by the Parties and approved by the Court) available on the

6

Settlement Website to Injunctive Relief Settlement Class members that provides the Injunctive Relief Settlement Class members with all the information necessary to be provided pursuant to Federal Rule of Civil Procedure 23 and the requirements of due process.

26.    "Injunctive Relief Published Notice" means the published notice of the Settlement (in a form substantially similar to that mutually agreed upon by the Parties and approved by the Court) that provides the Injunctive Relief Settlement Class members with the information necessary to be provided pursuant to Federal Rule of Civil Procedure 23 and the requirements of due process.

27.    "Johnson" means Daniel Allen Johnson.

28.    "Judgment" means the judgment and order entered by the Court approving the Settlement in all respects and dismissing with prejudice the claims of the Plaintiffs and the Damages Settlement Class members who do not Opt-out as provided by Federal Rule of Civil Procedure 23 and dismissing without prejudice the claims of the Injunctive Relief Settlement Class Members who are not also members of the Damages Settlement Class.

29.    "Opt-out" means to timely request exclusion from the Settlement pursuant to Federal Rule Civil Procedure 23(c)(2)(B).

30.    "Parties" or "Settling Parties" means Plaintiffs and Defendant.

US2008 1660672.1

31.   "Plaintiffs" means Black and Johnson.

32.   "Preliminary Approval Order" means the order of the Court: (i) certifying the Damages Settlement Class under Federal Rule of Civil Procedure 23(b)(3); (ii) certifying the Injunctive Relief Settlement Class under Federal Rule of Civil Procedure 23(b)(2); (iii) preliminarily approving the proposed Settlement Agreement; and (iv) approving the proposed notices.

33.   "Released Claims" means any and all claims, actions, demands, causes of action, suits, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown, present or future, concealed or hidden, liquidated or unliquidated, fixed or contingent, anticipated or unanticipated, based upon Defendant's alleged failure to provide a consumer the disclosures and copy of their consumer report or Defendant's use of that consumer report for employment purposes, pursuant to 15 U.S.C. §§ 1681b(b)(2) and 1681b(b)(3) or otherwise in tort, contract, law, or equity, that have been, could have been or might in the future be asserted by Plaintiffs in the *Black* Litigation by the Damages Settlement Class members or any of their respective heirs, spouses, executors, administrators, partners, attorneys, predecessors, successors, assigns, agents and/or representatives, and/or anyone acting or purporting to act on their

8

behalf.   Released Claims include, but are not limited to, all claimed or unclaimed compensatory damages, damages for emotional distress, damages for physical injury, damages for reputational injury, statutory damages, consequential damages, incidental damages, punitive and exemplary damages, as well as all claims for equitable, declaratory or injunctive relief based upon Defendant's alleged failure to provide a consumer the disclosures and copy of their consumer report or Defendant's use of that consumer report for employment purposes, pursuant to 15 U.S.C. §§1681b(b)(2) or 1681b(b)(3) or any federal or state statute or common law or other theory that was alleged or could have been alleged in the *Black* Litigation, including but not limited to any and all claims under the FCRA, State FCRA Statutes, deceptive or unfair practices statutes, common law, or any other statute, regulation or judicial interpretation.   Released Claims further include interest, costs and fees arising out of any of the claims asserted or that could have been asserted in the *Black* Litigation.   Notwithstanding the foregoing, nothing in this Agreement shall be deemed a release of the Parties' respective rights and obligations under this Agreement.

34.   "Released Parties" means and refers to Defendant, and its present, former and future officers, directors, employees, attorneys,

US2008 1660672.1

Case 3:09-cv-00502-TJC-JRK Document 39-1 Filed 10/12/10 Page 11 of 44

shareholders, predecessors, successors, subsidiaries, corporate affiliates, parents, insurers, and assigns, or interest therein, jointly and severally.

35. "Settlement" means the agreement memorialized in this Settlement Agreement.

36. "Settlement Administrator" means the third-party administrator agreed to by the Parties and approved by the Court.

37. "State FCRA Statutes" means any state statute that is substantially similar, in scope and purpose, to the Fair Credit Reporting Act, 15 U.S.C §§ 1681 *et seq.*

38. "UNICRU System" means the on-line employment application system used by Defendant.

39. "Waiver of Class Action Procedural Rights" means the waiver, release and relinquishment by the Injunctive Relief Settlement Class members of their procedural rights to pursue and claims, known or unknown, arising out of state or federal law, related to Defendant's disclosure of and procuring an Injunctive Relief Settlement Class member's authorization to obtain a consumer report in connection with an application of employment with the Defendant as (i) named plaintiffs or class members in any Class Action or (ii) plaintiffs in any Aggregated Action.

40. "Winn-Dixie" means Winn-Dixie Stores, Inc.

## III.   Certification of classes for settlement purposes.

41.   <u>Motion for Class Certification</u>:  For settlement purposes only and consistent with the provisions of this Agreement, Plaintiffs shall move the Court to certify (i) an Injunctive Relief Settlement Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure and (ii) a Damages Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Defendant shall not oppose said Motion.

42.   <u>Cessation of litigation</u>:   Plaintiffs agree not to initiate any additional litigation against Defendant concerning the claims asserted in the *Black* Litigation.  Immediately upon execution of this Agreement, Plaintiffs, Class Counsel and Defendant agree to cease all litigation activity in the *Black* Litigation (other than activity necessary to implement and/or enforce this Settlement Agreement) and to request the Court in the *Black* Litigation to stay all motions or other pre-trial matters and to continue any hearing or trial settings until each of the conditions precedent to the Settling Parties' obligations to proceed to consummate the Settlement provided for herein has been satisfied or waived.

43.   <u>Class certification for settlement purposes only</u>:  The Court's certification of the Injunctive Relief Settlement Class and the Damages Settlement Class shall not be deemed to be the adjudication of any fact or

US2008 1660572.1

issue for any purpose other than the accomplishment of the settlement provisions set forth herein and shall not be considered as law of the case, res judicata, or collateral estoppel in this or any other proceeding unless the Settlement receives final approval and the Judgment approving the terms of this Settlement Agreement is entered and becomes Final.  In the event the Settlement provided for herein is not accomplished according to all the terms of this Agreement, the *Black* Litigation for all purposes will revert to its status prior to the execution of this Settlement Agreement and the Court's certification order shall be null and void and shall be vacated, and thereafter no class will remain certified; provided that, thereafter Plaintiffs and Class Counsel may seek certification of a new class before the Court, and Defendant may oppose such certification on any grounds, as described below.  Nothing in this Settlement Agreement shall be construed as an admission by Defendant that the *Black* Litigation or any similar case is amenable to class certification for purposes other than settlement.

## IV.   Notice of the Settlement

44.   For purposes of providing Court-approved class notices and establishing that the best practicable notice has been given, the provision of class notice will be accomplished in accordance with the terms set forth below:

US2008 1660672.1

45. <u>Notice by publication</u>: Within thirty (30) days after the Court's entry of the Preliminary Approval Order, the Parties shall cause the Settlement Administrator to publish the Injunctive Relief Published Notice.

46. <u>Internet Notice</u>: The Parties shall cause the Settlement Administrator to establish an internet web site containing information about the Settlement. The Settlement Website will be accessible no later than five (5) days prior to the mailing the Damages Settlement Long-Form Notice described below. The Settlement Website will set forth the following information: (i) the full text of this Settlement Agreement; (ii) the Damages Settlement Long-Form Notice, (iii) the Injunctive Relief Long-Form Notice, (iv) the Preliminary Approval Order and other relevant orders of the Court; (v) contact information for Class Counsel and the Settlement Administrator; and (vi) such other information and documents as the Parties agree. Nationwide access to the Settlement Website will be ensured by registering it with Google so that appropriate queries on Google will yield a link to the Settlement Website. Not later than seven (7) days before the Final Fairness hearing, the Parties and/or the Settlement Administrator will cause proof of the establishment and maintenance of the Settlement Website to be filed with the Court.

13

47.   Telephone Assistance Program:   A toll-free telephone number, staffed by the Settlement Administrator, will be included in the published notice of this Settlement to answer questions from members of the Injunctive Relief Settlement Class and the Damages Settlement Class.   The toll-free number will provide access to live support, a voice response unit ("VRU") or a combination of VRU and live support; provided however, that the members of the Injunctive Relief Settlement Class and Damages Settlement Class will have the option to leave a voice mail message with the Settlement Administrator, which message will be responded to, as appropriate.   Not later than seven (7) days before the Final Fairness hearing, the Parties and/or the Settlement Administrator will cause proof of the establishment and maintenance of the Telephone Assistance Program to be filed with the Court.

48.   Notice procedures unique to the Damages Settlement Class.

i.   Creation of Damages Settlement Class List:   Defendant shall use its best efforts to review its records and identify each individual who meets the Damages Settlement Class definition.   The list produced at the end of this process shall be a conclusive list of the members of the Damages Settlement Class (*i.e.*, the "Damages Settlement Class List").

14

    ii.   <u>Damages Settlement Long-Form Notice</u>: Within thirty (30) days after the Court's entry of the Preliminary Approval Order, the Parties shall cause the Settlement Administrator to send the Damages Settlement Long-Form Notice by first-class mail to each individual on the Damages Settlement Class List. The Damages Settlement Long-Form Notice shall be sent to the last known address reflected in the Damages Settlement Class List, as updated by utilizing the National Change of Address process. If any Damages Settlement Long-Form Notice is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will re-mail a Damages Settlement Long-Form Notice to that Damages Settlement Class member if a forwarding address is provided. If no forwarding address is available, the Settlement Administrator may use appropriate commercially-reasonable means to obtain an alternate address to which the Settlement Administrator will re-mail a Damages Settlement Long-Form Notice to that Damages Settlement Class member, the cost of which shall be paid from the Settlement Funds. Not later than seven (7) days before the Final Fairness hearing, the Parties and/or the Settlement Administrator will cause proof of the mailing of the Damages Settlement Long-Form Notice to be filed with the Court. Neither Defendant nor the Settlement Administrator shall have any

US2008 1660672.1

further obligation to send the Damages Settlement Class Members notice of the Settlement, except as provided in this Paragraph.

49.   CAFA Notice:   Defendant shall send CAFA Notice to the appropriate federal and state officials as identified in 28 U.S.C. § 1715(a), not later than ten (10) days after this Settlement Agreement is filed with the Court.

50.   All notice and administration costs described above shall be invoiced by the Settlement Administrator and paid by the Defendant, subject to Paragraph 60(iii).

## V.   Procedures for objecting to the Settlement

51.   Members of the Injunctive Relief Settlement Class: Any member of the Injunctive Relief Settlement Class who wishes to object to the injunctive relief settlement or any matters as described in the Injunctive Relief Published Notice or the Injunctive Relief Long-Form Notice, may do so by filing with the Court a notice of their intention to object (which shall set forth each objection and the basis therefore and containing the objecting class member's signature), with any papers in support of their position, and serve copies of all such papers on Class Counsel and Defendant's Counsel. Objections must be filed and served no later than the deadline set by the Court in the Preliminary Approval Order.   The objection must indicate

whether the Injunctive Relief Settlement Class member and/or his attorney(s) intends to appear at the Final Fairness Hearing.  Any attorney who intends to appear a the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than the deadline set by the Court in the Preliminary Approval Order.

52.   Members of the Damages Settlement Class:   Any Damages Settlement Class member who does not Opt-out, but who instead wishes to object to the damages settlement or any matters as described in the Damages Settlement Long-Form Notice, may do so by filing with the Court a notice of their intention to object (which shall set forth each objection and the basis therefore and containing the objecting class member's signature), with any papers in support of their position, and serve copies of all such papers on Class Counsel and Defendant's Counsel.  Objections must be filed and served no later than the deadline set by the Court in the Preliminary Approval Order.  The objection must indicate whether the Damages Settlement Class member and/or his attorney(s) intends to appear at the Final Fairness Hearing.  Any attorney who intends to appear a the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than the deadline set by the Court in the Preliminary Approval Order.

US2008 1660672.1

## VI.   Opt-out procedures for the Damages Settlement Class.

53.   Procedure to Opt-out:   A member of the Damages Settlement Class may request to be excluded from the Damages Settlement Class by sending a written request for exclusion to "Exclusion Requests – Black Settlement Administrator" at the address provided in the Damages Settlement Long-Form Notice.   The Damages Settlement Class member's request to Opt-out of the Damages Settlement Class must contain the member's original signature, current postal address and a specific statement that the Class member wants to be excluded from the Damages Settlement Class.   Opt-outs must be postmarked no later than the deadline set by the Court in the Preliminary Approval Order.   In no event shall persons who purport to opt out of the Damages Settlement Class as a group, on an aggregate basis or as a class involving more than one Damages Settlement Class member be considered valid Opt-outs.   Furthermore, a valid request to Opt-out of the Damages Settlement Class shall not cause the member of the Damages Settlement Class to be excluded from the Injunctive Relief Settlement Class.   Requests for exclusion that do not comply with any of the foregoing requirements are invalid.   No later than seven (7) business days after the deadline for submission of requests for exclusion or Opt-out, the Settlement Administrator shall provide to Class Counsel and Defendant a

18

complete list of all persons who have properly Opted-Out of the Damages Settlement Class together with copies of the Opt-out requests.

## VII.  Attorneys' Fees and Costs; Incentive Awards.

54.  <u>Damages Settlement Class Attorneys' Fees and Costs</u>:  Defendant agrees to pay reasonable attorneys' fees and costs as determined by the Court up to 30% (thirty percent) of the total Settlement Funds paid by Defendant. Defendant further agrees that it will not oppose any request by Class Counsel for attorneys' fees and costs for the Damages Settlement Class to the extent such request does not exceed 30% (thirty percent) of the total Settlement Funds.  In no event shall Defendant be liable for attorneys' fees and costs of more than 30% (thirty percent) of the total Settlement Funds for the Damages Settlement Class which amount includes not only the payment of all such attorneys' fees, costs, and expenses to Class Counsel, but also payment for all attorneys and other persons working under the direction of Class Counsel in the *Black* Litigation.  No other agreement exists between the Parties as to attorney's fees and costs for the Damages Settlement Class.

55.  <u>Injunctive Relief Settlement Class Attorneys' Fees and Costs</u>: Defendant agrees to pay additional reasonable attorneys' fees and costs as determined by the Court for the Injunctive Relief Settlement Class up to $32,500 (Thirty-Two Thousand Five Hundred Dollars).  Defendant further

19

agrees that it will not oppose any request by Class Counsel for attorneys' fees and costs for the Injunctive Relief Settlement Class to the extent such request does not exceed $32,500 (Thirty-Two Thousand Five Hundred Dollars). In no event shall Defendant be liable for attorneys' fees and costs of more than $32,500 (Thirty-Two Thousand Five Hundred Dollars) for the Injunctive Relief Settlement Class, which amount includes not only the payment of all such attorneys' fees, costs, and expenses to Class Counsel, but also payment for all attorneys and other persons working under the direction of Class Counsel in the *Black* Litigation. No other agreement exists between the Parties as to attorney's fees and costs for the Injunctive Relief Settlement Class.

56. Class Counsel shall file an application to Court for the award of attorneys' fees and costs and it shall be noticed to be heard at the Final Fairness Hearing. Notwithstanding the deadlines for objections stated in Section V *supra*, any objection solely as to attorneys fees or costs may be filed up to seven days after Class Counsel files this application.

57. Class Counsel's application for attorneys' fees and costs, and any and all matters related thereto, shall not be considered part of the Settlement Agreement, and shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the

20

Settlement.    Plaintiffs and Class Counsel agree that this Settlement Agreement is not conditional on the Court's approval of the attorneys' fees and costs in the requested amount or in any amount whatsoever.    The Court's ruling on the application for such fees shall not operate to terminate or cancel the Settlement.

58.    Incentive Awards:  In recognition of the time and effort Plaintiffs Black and Johnson expended in pursuing the *Black* Litigation, in participating in discovery, in fulfilling their obligations and responsibilities as Class Representatives, and of the benefits conferred on all the members of the Injunctive Relief Settlement Class and the Damages Settlement Class, Class Counsel will ask the Court to award an Incentive Award to each Plaintiff in an amount not to exceed $ 2,500 (Two Thousand Five Hundred Dollars) per Plaintiff.  Class Counsel shall file an application to Court for the award of Incentive Awards and it shall be noticed to be heard at the Final Fairness Hearing.  Defendant shall pay the Incentive Award approved by the Court not to exceed $ 2,500 (Two Thousand Five Hundred Dollars) per Plaintiff.  No other agreement exists between the parties as to payments to be made to Plaintiffs.

**VIII.  The Settlement Fund and distribution thereof.**

21

59.   Defendant agrees to establish a Settlement Fund in the amount of $385,000 (Three Hundred Eighty Five Thousand Dollars; the "Settlement Fund"). All of the following must be paid from the Settlement Fund: (i) incentive awards to the Plaintiffs; (ii) payments to the Damages Settlement Class members; (iii) payments to Class Counsel for attorneys' fees and costs for the Damages Settlement Class; and (iv) any costs associated with locating Damages Settlement Class members who cannot be located based on Defendant's records as updated by the National Change of Address process. The Parties and their respective counsel agree that under no circumstances shall Defendant pay or cause to be paid more than $385,000 (Three Hundred Eighty Five Thousand Dollars) pursuant to this Settlement for the items identified in this Paragraph.

60.   The Settlement Funds shall be used only in the manner and for the purposes provided for in this Paragraph. No portion of the Settlement Funds shall be used except as expressly provided for herein:

i.   <u>Incentive Awards</u>: Within ten (10) days after the Effective Date, Defendant shall pay from the Settlement Funds to each of the Plaintiffs the amount of the Incentive Award approved by the Court, which under no circumstances will exceed $ 2,500 (Two Thousand Five Hundred Dollars) per Plaintiff.

22

ii.     <u>Attorneys' Fees and Costs</u>:  Within ten (10) days after the Effective Date, Defendant shall pay from the Settlement Funds to Class Counsel the amount of attorneys' fees and costs approved by the Court, which under no circumstances will exceed $115,500 (One Hundred Fifteen Thousand Five Hundred Dollars).

iii.     <u>Payments to Damages Settlement Class Members</u>:  After deductions for the payment of Incentive Awards and attorneys' fees and costs, the balance of the Settlement Funds shall be distributed to the Damages Settlement Class members who do not timely Opt-out of the Settlement on a pro rata basis.  Within twenty (20) days after the Effective Date, the Parties will determine the amount of Settlement Funds remaining and the pro-rata amount to be distributed to each Damages Settlement Class member.  Thereafter, but not later than sixty (60) days after the Effective Date, the Settlement Administrator will send each Damages Settlement Class member a check in an amount equal to the his or her pro-rata share of the Settlement Funds via first class mail.  The funds to be paid to a class member shall not become the property of that class member until this check is negotiated.  Any and all checks that are made payable to Damages Settlement Class Members that are (i) returned as undeliverable and no forwarding address can be located, or (ii) not negotiated within ninety (90) days from

23

the date issued, shall be cancelled and the total sum of such checks shall be paid to Jacksonville Urban League; provided, however, that up to $10,000 or the actual cost of administration and notice, which ever is less, shall first be paid to the Defendant.

iv.    Each Plaintiff and Damages Settlement Class member who negotiates a Settlement Fund check shall receive a 1099-INT to the extent required by law.

## IX.   Injunctive Relief

61.    Within sixty (60) days of the Effective Date, Defendant shall make the changes to the UNICRU System specified in Exhibit A hereto. These changes shall be contained within a Consent Order to be jointly proposed and submitted to the Court for entry.

62.    Within ten (10) days after the Effective Date, Defendant shall pay to Class Counsel the amount of attorneys' fees and costs approved by the Court for the Injunctive Relief Settlement Class, which under no circumstances will exceed $ 32,500 (Thirty Two Thousand Five Hundred Dollars).  This amount is separate from and in addition to any attorneys' fees or costs paid pursuant to Section VIII above.

24

## X.    Release and waivers

63.    <u>Waiver by Injunctive Relief Settlement Class Members</u>:  Upon the Effective Date, Injunctive Relief Settlement Class members, individually and collectively and for their heirs, executors, administrators, representatives, agents, and assigns, shall conclusively be deemed to have granted the Defendant a Waiver of Class Action Procedural Rights.

64.    It is a condition of Settlement that the Settling Parties shall jointly seek, and the Court shall have granted, an injunction and bar order enjoining all Injunctive Relief Settlement Class members from participating in any Class Action or Aggregated Action consistent with the Waiver of Class Action Procedural Rights.

65.    <u>Release by Damages Settlement Class Members</u>:   Upon the Effective Date, Plaintiffs and each member of the Damages Settlement Class, their respective heirs, executors, administrators, representatives, agents, and assigns and all those acting or purporting to act on their behalf related to Defendant obtaining and using consumer reports in the employment process and any adverse action taken by Defendant, based in whole or in part, on a consumer report, shall conclusively be deemed to have fully, finally and forever released, relinquished and discharged the Released Parties from and against any and all of the Released Claims.

25

66. <u>Waiver of Unknown Claims</u>:   Plaintiffs and the Damages Settlement Class members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, and assigns , and all those acting or purporting to act on their behalf, hereby warrant, represent and agree that unknown losses or claims could possibly exist and that present losses may have been underestimated in amount or severity. Plaintiffs and the Damages Settlement Class members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns, and all those acting or purporting to act on their behalf, explicitly take that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein have been bargained for between Plaintiffs and the Damages Settlement Class members, on the one hand, and Defendant, on the other hand, with the knowledge of the possibility of such unknown claims and losses, and were given in exchange for a full accord, satisfaction and discharge of all such Released Claims.  Consequently, Plaintiffs and the Damages Settlement Class members expressly waive and are deemed to waive all rights under California Civil Code Section 1542, which provides:

26

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASES, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

67.    Plaintiffs and all Damages Settlement Class members do and are deemed to understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases.    In connection with such waiver and relinquishment, Plaintiffs and all Damages Settlement Class members do and are deemed to acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of this Settlement, but that it is their intention to release fully, finally and forever all claims against the Released Parties related to Defendant obtaining and using consumer reports in the employment process and any adverse action taken by Defendant, based in whole or in part, on a consumer report, and in furtherance of such intention, the release of all claims will be and remain in

27

effect notwithstanding the discovery or existence of any such additional or different facts.

## XI.   Court Approval.

68.   <u>Court Submission</u>:  Class Counsel and Defendant's Counsel will submit this Settlement Agreement, along with such other supporting papers as may be appropriate, to the Court for preliminary approval of this Settlement Agreement pursuant to Rule 23 of the Federal Rules of Civil Procedure.   If the Court declines to grant preliminary approval of this Settlement Agreement and to order notice of hearing with respect to the proposed Damages and Injunctive Relief Settlement Class, or if the Court declines to grant final approval to the foregoing after such notice and hearing, this Settlement Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Settlement Agreement will not be approved.   In the event the Court grants preliminary approval of the Settlement Agreement, the Parties will request that the Court enter a scheduling order setting the dates by which Damages Settlement Class members must Opt-out of the Settlement and Injunctive Relief Settlement Class members and Damages Settlement Class members may file any objections, as well as schedule the Final Fairness Hearing in this matter.

US2008 1660672.1

69.   <u>Final Judgment</u>:   The Settling Parties will jointly submit a proposed Judgment prior to the Final Fairness hearing.

## XII. Termination.

70.   Any Party shall have the unilateral and unfettered right to individually terminate this Agreement and the Settlement and declare it null and void, if any of the following conditions occurs:

      i.   The Court (or any other court) requires a Notice Program materially different from the Notice Program outlined herein;

      ii.   The Court fails to issue a Preliminary Approval Order in accordance with the terms of the Settlement Agreement;

      iii.   The Court fails to enter a Judgment integrating the material terms of the Settlement Agreement, including but not limited to the scope of the Released Claims and Released Parties; and

      iv.   The Judgment is appealed and such Judgment is finally reversed or modified on appeal.

71.   Defendant shall have the unilateral and unfettered right to individually terminate this Agreement and the Settlement and declare it null and void if more than 1% (one percent) of the Damages Settlement Class Members elect to Opt-out.

US2008 1660672.1

72.    If any of conditions described above occur and any of the Parties elect to terminate the Settlement and the Settlement Agreement then:  (i) the Settlement and the Settlement Agreement (including without limitation the class certification provisions thereof) shall have no further force and effect with respect to any Party to the *Black* Litigation and shall not be offered in evidence or used in the *Black* Litigation or any other proceeding; (ii) counsel for the Parties shall seek to have any Court orders, filings, or other entries on the Court's file that result from the Agreement, the Settlement and the Settlement Agreement set aside, withdrawn, and stricken from the record; (iii) the Settlement and the Settlement Agreement, and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and (iv) all Parties to the *Black* Litigation shall stand in the same procedural position as if the Settlement and the Settlement Agreement had not been negotiated, made, or filed with the Court.

### XIII. Miscellaneous Provisions.

73.    <u>Benefit to Plaintiffs</u>:    Plaintiffs and Class Counsel have concluded, under the circumstances and considering the pertinent facts and

US2008 1660672.1

applicable law, that it is in Plaintiffs' and the Injunctive Relief Settlement Class' and Damages Settlement Class' best interests to enter into this Settlement Agreement to avoid the uncertainties of litigation and to ensure a benefit to Plaintiffs and all members of the Injunctive Relief Settlement Class and Damages Settlement Class. Plaintiffs and Class Counsel consider this Settlement Agreement to be fair, reasonable, and adequate and in the best interests of the members of the Injunctive Relief Settlement Class and Damages Settlement Class.

74. <u>No Admission of Liability</u>: Defendant has asserted and continues to assert many defenses to the *Black* Litigation and has expressly denied and continues to deny any fault, wrongdoing, or liability whatsoever arising out the conduct alleged in the *Black* Litigation. Defendant expressly denies any fault, wrongdoing or liability whatsoever, as well as the validity of each of the claims and prayers for relief asserted in the *Black* Litigation. The Settling Parties expressly acknowledge and agree that neither the fact of, nor any provision contained in this Settlement Agreement shall constitute or be construed as any admission of the validity of any claims, any status, or any fact alleged in the *Black* Litigation or any fault, wrongdoing, violation of law, or liability of any kind on the part of Defendant, or any admission by Defendant of any claim or allegation made in any action or proceeding

31

against Defendant. Neither this Settlement Agreement nor any document referred to herein, nor any action taken to carry out this Settlement Agreement and/or Settlement, or its willingness to enter into this Settlement Agreement, nor any or all negotiations, communications, and discussions associated with them are, or may be construed as, or may be used in any proceeds as, an admission by or against Defendant for any fault, wrongdoing or liability whatsoever, or any infirmity of any defense asserted by Defendant.

75. <u>Integration Clause</u>: This Settlement Agreement contains a full, complete, and integrated statement of each and every term and provision agreed to by and among the Settling Parties and supersedes any prior writings or agreements (written or oral) between or among the Settling Parties, which prior agreements may no longer be relied upon for any purpose. This Settlement Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Settling Parties. In the event a dispute arises between the Settling Parties over the meaning or intent of this Agreement, the Settling Parties agree that prior drafts, notes, memoranda, discussions or any other oral communications or documents regarding the negotiations, meaning or intent of this Agreement shall not be offered or admitted into evidence. Plaintiffs and Class Counsel

US2008 1660672 1

acknowledge that, in entering into this Settlement Agreement, they have not relied upon any representations, statements, actions, or inaction by Defendant or its counsel that are not expressly set forth herein.

76.    <u>Admissibility of Settlement Agreement</u>.    This Settlement Agreement shall not be offered or be admissible in evidence in any action or proceeding except (i) the hearings necessary to obtain and implement Court approval of the Settlement; or (ii) any hearing to enforce the terms of this Settlement Agreement or any related order by the Court.

77.    <u>Headings</u>:    Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

78.    <u>Governing Law</u>: To the extent not governed by the Federal Rules of Civil Procedure, the contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Florida without regard to principles of conflict of laws.

79.    <u>Mutual Interpretation</u>: The Settling Parties agree and stipulate that this Agreement was negotiated on an "arms'-length" basis between parties of equal bargaining power.  Also, the Agreement has been drafted jointly by Class Counsel and counsel for Defendant.  Accordingly, this

US2008 1660672.1

Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Settling Parties.

80.   <u>Notice</u>:   Except as otherwise specifically provided herein, whenever any written notice is required by the terms of this Agreement, it shall be deemed effective on the date received, addressed as follows:

If to Plaintiffs or the Class to:

Leonard A. Bennett                          Janet R. Varnell
Consumer Litigation Associates, P.C.        Varnell & Warwick, P.A.
12515 Warwick Boulevard                     20 La Grande Boulevard
Suite 100                                   The Villages, FL 32159
Newport News, VA 23606

If to Defendant to:

Office of the General Counsel               Craig E. Bertschi
Winn-Dixie Stores, Inc.                     Kilpatrick Stockton LLP
5050 Edgewood Court                         1100 Peachtree Street
Jacksonville, FL 32254                      Suite 2800
**Attn:** Larry Appel                       Atlanta, GA 30309

81.   <u>Counterpart Execution</u>:   This Agreement may be executed in any number of counterparts and will be binding when it has been executed and delivered by the last signatory hereto to execute a counterpart. A facsimile signature shall be deemed to constitute an original signature for purposes of this Agreement.   After execution of counterparts by each designated signatory, Defendants agrees to furnish each Party with a composite conformed copy of this Agreement reflecting all counterparts signatures.

34

US2008 1660672.1

82.   <u>Binding Upon Successors</u>:  This Agreement shall be binding upon and inure to the benefit of the Settling Parties hereof and their representatives, heirs, successors, and assigns.

83.   <u>Severability</u>:  In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Settling Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

84.   <u>Warranty of Counsel</u>:  Class Counsel unconditionally represent and warrant that they are fully authorized to execute and deliver this Agreement on behalf of the members of both the Damages Class and the Injunctive Relief Settlement Class as well as Plaintiffs.   Defendants unconditionally represent and warrant that they are fully authorized to execute and deliver this Agreement on behalf of Defendant.

85.   The Parties to this Settlement and their counsel agree that they shall act in good faith and exercise their best efforts to effectuate this Settlement and its Final Approval.

35

Dated: October _____, 2010

_____

PAUL BLACK


Dated: October _____, 2010

_____

DANIEL ALLEN JOHNSON


Dated: October 20th, 2010

WINN-DIXIE STORES, INC.

By: _____

Its: SVP, Human Resources and Legal


Approved as to Form:

Dated: October 12, 2010

_____

Janet R. Varnell, Esq.
Brian W. Warwick, Esq.
VARNELL & WARWICK, P.A.
20 La Grande Boulevard
The Villages, FL  32159
Telephone:  (362) 753-8600

US2008 1660672 1

LEGAL APPROVED
ATTY: _JCW_
DATE: _10/13/10_

Dated: October 12, 2010

Christopher C. North, Esq.
THE CONSUMER AND
EMPLOYEE RIGHTS LAW FIRM,
P.C.
751 a Thimble Shoals Boulevard
Newport News, VA 23606
Telephone: (757) 873-1010

Dated: October 12, 2010

Leonard A. Bennett, Esq.
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard
Suite 100
Newport News, VA 23606
Telephone: (757) 930-3660

Dated: October 12, 2010

Craig E. Bertschi, Esq.
Cindy D. Hanson, Esq.
Angela Frazier, Esq.
KILPATRICK STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Telephone: (404) 815-6493

US2008 1660672.1

Dated: October _____, 2010

_____

PAUL BLACK

Dated: October 2/ , 2010

_____

DANIEL ALLEN JOHNSON

Dated: October _____, 2010

WINN-DIXIE STORES, INC.

By:_____
Its:

Approved as to Form:

Dated: October 12 , 2010

_____

Janet R. Varnell, Esq.
Brian W. Warwick, Esq.
VARNELL & WARWICK, P.A.
20 La Grande Boulevard
The Villages, FL 32159
Telephone: (362) 753-8600

36

# EXHIBIT A

Unicru -- FCRA Authorization                                              Page 1 of 1



Thank you for your interest in working at Winn-Dixie. As a part of the pre-
employment process, we require that a background check be performed on all
applicants. In order for us to receive a background report, you will need to give
consent to (a) receive and respond to information in electronic form and (b) a
background check. If you do not wish to consent to either electronic transactions or a
background check, please exit the system now by pressing "EXIT". Otherwise, to
continue, please press "NEXT" below.

Exit                                    Next

Copyright © 2000-2010, Kronos, Incorporated. All Rights Reserved.
U. S. Patents 7,000,057; 7,310,626; 7,558,767; 7,562,059; 7,472,097 and 7,606,778.

KRONOS



## Consent to Electronic Transactions

This application contains a number of disclosures and consent forms which usually are provided in written form. I understand that I have the right to receive such disclosures and give my consent or authorization on paper instead of electronically.

If I do consent to engage in electronic transactions, I understand that I have the right to withdraw my consent, and can do so by notifying the store manager or person in charge at the location I am applying to. I can also use this procedure to update information needed to contact me.

If I decide at any point during this application process to withdraw my consent to engage in electronic transactions, I understand that I will have to sign a corresponding paper authorization or consent form as needed if I wish to continue with the application.

I understand that any consent given here applies only to the electronic transactions related to this job application, and that I can access the electronic records by contacting Kronos.

disclosure and any

I further understand that I may request a paper copy of any consent or authorization I give electronically. I may receive such paper copies at no cost within the next 60 days by contacting the Kronos Talent Management Division at "hiringhelpdesk@kronos.com".

**Please indicate, by selecting 1, your consent to engage in these transactions electronically instead of in paper form.**

○ 1. I Consent
◌ 2. I Do Not Consent

[ < Back ]          [ Exit ]          [ Next > ]

Copyright © 2000-2010, Kronos, Incorporated. All Rights Reserved.
U. S. Patents 7,080,057; 7,310,626; 7,558,767; 7,562,059; 7,472,097 and 7,808,778.

✸ KRONOS



**FCRA Disclosure and Authorization**

I understand that a background check (Consumer Report) will be obtained for
employment purposes at Winn-Dixie.

[ < Back ]          [ Exit ]          [ Next > ]

Copyright © 2000-2010, Kronos, Incorporated. All Rights Reserved.
U. S. Patents 7,080,057; 7,310,626; 7,558,767; 7,562,066; 7,472,097 and 7,606,778.

KRONOS

Case 3:09-cv-00502-TJC-JRK   Document 39-1   Filed 10/12/10   Page 43 of 44

Unicru -- FCRA Authorization                                    Page 1 of 1



Winn-Dixie will make inquiries to LexisNexis, a Consumer Reporting Agency, concerning your employment suitability and qualification.

Please do not contact LexisNexis for the status of your employment application. LexisNexis does not have access to this information and will not be able to respond to your request.

Please do not contact Kronos for results of the background check. Kronos does not have access to the report and will not be able to respond to your request.

Winn-Dixie will verify all or part of the information I give Winn-Dixie. I hereby authorize Winn-Dixie to procure a consumer report and, to the extent permitted by law, make any inquiry into my credit history, motor vehicle driving record, criminal and civil records, prior employment (including contacting prior employers), education as well as other public record information. I understand that inquiries may include any incidents of dishonesty, violence or drug related offenses. This authorization shall apply to pre-employment and post-employment inquiries.

**By entering the last 4 digits of your Social Security Number below you signify that you understand and agree to the terms outlined in the Authorization above. Otherwise, please exit the system now.**

[ < Back ]          [ Exit ]          [ Next > ]

Copyright © 2000-2010, Kronos, Incorporated, All Rights Reserved.
U. S. Patents 7,080,057; 7,310,626; 7,558,767; 7,562,059; 7,472,097 and 7,606,778.

✦ KRONOS

Unicru -- FCRA Authorization                                                      Page 1 of 1



## Consent to Electronic Transactions

This application contains a number of disclosures and consent forms which usually are provided in written form. I understand that I have the right to receive such disclosures and give my consent or authorization on paper instead of electronically.

If I do consent to engage in electronic transactions, I understand that I have the right to withdraw my consent, and can do so by notifying the store manager or person in charge at the location I am applying to. I can also use this procedure to update information needed to contact me.

If I decide at any point during this application process to withdraw my consent to engage in electronic transactions, I understand that I will have to sign a corresponding paper authorization or consent form as needed if I wish to continue with the application.

I understand that any consent given here applies only to the electronic transactions related to this job application, and that I can access the electronic records by contacting Kronos.   disclosures and any

I further understand that I may request a paper copy of any consent or authorization I give electronically. I may receive such paper copies at no cost within the next 60 days by contacting the Kronos Talent Management Division at "hiringhelpdesk@kronos.com".

**Please indicate, by selecting 1, your consent to engage in these transactions electronically instead of in paper form.**

○ 1. I Consent
◉ 2. I Do Not Consent

[ < Back ]            [ Exit ]            [ Next > ]

Copyright © 2000-2010, Kronos, Incorporated. All Rights Reserved.
U.S. Patents 7,080,057; 7,310,630; 7,558,767; 7,562,059; 7,472,097 and 7,606,778.

✦ KRONOS