# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

# If you applied for or were employed with Winn-Dixie and your employment was suspended or terminated because of a background check, during the period June 1, 2007 through February 8, 2008, a class action lawsuit may affect your rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Plaintiffs Paul Black and Daniel Allen Johnson filed a class action lawsuit against Defendant Winn-Dixie Stores, Inc. ("Winn-Dixie") alleging that Winn-Dixie violated the Fair Credit Reporting Act by using Plaintiffs' and other individuals' consumer reports to take adverse action against the individuals but failed to provide timely notice to the individuals before taking such action. Plaintiffs also allege that Winn-Dixie violated the law by using consumer reports in processing employment applications without obtaining the proper authorization and providing disclosures to the applicants.

- There is a proposed settlement between Plaintiffs and Winn-Dixie. The Settlement Agreement involves two groups of individuals – the Damages Settlement Class and the Injunctive Relief Settlement Class. **This Notice is being provided to all members in the Damages Settlement Class.** Under the terms of the Settlement Agreement, Winn-Dixie has agreed to make a cash payment to each Damages Settlement Class member.

- The Court has not decided whether Winn-Dixie did anything wrong. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THE LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.** Receive a cash payment mailed to you in the approximate amount of $330 but give up your right to participate in any lawsuit against Winn-Dixie for the same legal claims that are the subject of this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep rights.** If you ask to be excluded and money or benefits are later awarded, you won't share in those. But, you keep any rights to sue Winn-Dixie separately about the same legal claims in this lawsuit. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

• These rights and options are explained in this notice. The Court in charge of this case still has to decide whether to approve the Settlement Agreement. If it does, and after any appeals are resolved, the changes described above will be made by Winn-Dixie.

• Any questions? Read on and visit www.WDFCRALitigation.com.

Deleted: VMFCRALitigation

Formatted: DocIDFooterStyle

QUESTIONS?  VISIT www.WDFCRALitigation.com.

-2-

<div style="border:1px solid black; padding:5px; text-align:center;">

WHAT THIS NOTICE CONTAINS

</div>

**BASIC INFORMATION** ..................................................................PAGE 4-5
   1.      Why is this Notice being provided?
   2.      What is this lawsuit about?
   3.      What is a class action and who is involved?
   4.      Who is Winn-Dixie?

**THE CLAIMS IN THE LAWSUIT** ...................................................PAGE 5-6
   5.      What does the lawsuit complain about?
   6.      How did Winn-Dixie answer?
   7.      Has the Court decided who is right?
   8.      What are the Plaintiffs asking for?
   9.      What does the settlement provide?

**WHO IS IN THE CLASS**.................................................................. PAGE 6
   10.     Am I part of this Class?
   11.     I'm still not sure if I am included.

**YOUR RIGHTS AND OPTIONS** ...................................................... PAGE 6-8
   12.     What happens if I do nothing?
   13.     How do I get out of the settlement?
   14.     If I don't exclude myself, can I sue Winn-Dixie for the same thing later?
   15.     How do I object to the Settlement?

**THE LAWYERS REPRESENTING YOU** ........................................ . PAGE 8
   16.     Do I have a lawyer in this case?
   17.     Should I get my own lawyer?
   18.     How will the lawyers be paid?

**THE COURT'S FAIRNESS HEARING** ......................................... PAGE 8-9
   19.     When and where will the Court decide whether to approve the settlement?
   20.     Do I have to come to the hearing?
   21.     May I speak at the hearing?

**GETTING MORE INFORMATION**..................................................PAGE 9
   22.     How do I get more information about the settlement?

Deleted: 7

Deleted: ___

Deleted: ___

Deleted: ___

Formatted: DocIDFooterStyle

QUESTIONS?  VISIT www.WDFCRALitigation.com.

## BASIC INFORMATION

1.  Why is this Notice being provided?

A Court authorized the notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the settlement. This notice explains the lawsuit, the settlement, and your legal rights. Judge Timothy J. Corrigan, of the United States District Court for the Middle District of Florida, is overseeing this class action. The case is known as *Paul Black and Daniel Allen Johnson v. Winn-Dixie Stores, Inc.*, No. 3:09-CV-502-TJC-JRK. Your legal rights may be affected by the outcome of this lawsuit.

2. What is this lawsuit about?

The lawsuit is about whether Winn-Dixie violated the Fair Credit Reporting Act. The lawsuit claims that Winn-Dixie failed to obtain the proper authorizations and failed to provide disclosures before using the consumer reports of individuals that applied for employment with Winn-Dixie between June 5, 2007 and January 26, 2011. The lawsuit also claims that Winn-Dixie used information contained in the applicants' consumer reports to take adverse action against the individuals but failed to provide timely notice to the individuals before taking such action.

3.     What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Paul Black and Daniel Allen Johnson, the "Individual Class Representatives"), sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The individuals who sued – and all the Class Members like them – are called the Plaintiffs. Winn-Dixie, the entity they sued, is called the Defendant. One court resolves the issues for everyone in the Class.

In this case there are two groups of class members. The first group of class members includes individuals (1) who applied for employment with Winn-Dixie between June 1, 2007 and February 8, 2008, (2) who were the subject of a post-hire consumer report used by Winn-Dixie to make an employment decision, and (3) against whom Winn-Dixie took an adverse action based in whole or in part on the information contained in the consumer report. An "adverse action" occurred if the person was suspended or terminated from employment. This group is identified as the "Damages Settlement Class." The second group of class members includes individuals who applied for employment with Winn-Dixie between June 5, 2007 and January 26, 2011. The second group is identified as the "Injunctive Relief Settlement Class." The Damages Settlement Class is a subset of the Injunctive Relief Settlement Class.

QUESTIONS?  VISIT www.WDFCRALitigation.com.

**Deleted:** who

**Deleted:** whose consumer report was used by Winn-Dixie

**Deleted:** all of some of

**Deleted:** not hired

**Deleted:** was

**Formatted:** DocIDFooterStyle

We have determined that you are a member of the Damages Settlement Class.

4.      Who is Winn-Dixie?

Winn-Dixie is a major food retailer that has been in operation since 1925. As of June 1, 2009, Winn-Dixie operates 520 stores in five states (Alabama, Florida, Georgia, Louisiana, and Mississippi). Winn-Dixie also operates approximately 75 liquor stores, six (6) distribution centers and one manufacturing facility. The Company maintains corporate offices in Jacksonville and employs approximately 45,000 Associates throughout the organization.

## THE CLAIMS IN THIS LAWSUIT

5.  What does the lawsuit complain about?

In this lawsuit, the Plaintiffs claim that between June 2007 and January 26, 2011, Winn-Dixie violated the Fair Credit Reporting Act ("FCRA") by failing to obtain the necessary authorization and failing to disclose to applicants that Winn-Dixie intended to use their consumer reports when making a decision about their employment. The Plaintiffs also claim that Winn-Dixie took adverse actions against applicants and employees based on information contained in their consumer reports but failed to advise the individuals before taking such action.

6.  How did Winn-Dixie answer?

Winn-Dixie denies that it did anything wrong and denies that it violated the law.

**Deleted:** d

7.  Has the Court decided who is right?

The Court hasn't decided whether Winn-Dixie or the Plaintiffs are correct. There is a proposed settlement between Plaintiffs and Winn-Dixie. This Notice is being issued to advise the Damages Settlement Class members of the lawsuit, the settlement, your legal rights and what benefits you may receive. By issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case.

8.  What are the Plaintiffs asking for?

The Plaintiffs are asking for damages to compensate them for Winn-Dixie's alleged violation of the FCRA. Any monetary damages will only be paid to the Damages Settlement Class members.

QUESTIONS?  VISIT www.WDFCRALitigation.com.

**Formatted:** DocIDFooterStyle

The Plaintiffs are also seeking an injunction requiring Winn-Dixie to change its employment application process and system to comply with the FCRA.

9.  What does the settlement provide?

Under the terms of the proposed Settlement related to the Damages Settlement Class, Winn-Dixie has agreed to pay each member approximately $330. No money is available for the Injunctive Relief Settlement Class members.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

10.  Am I part of this Class?

This Notice is being issued to the Damages Settlement Class members. You are a member of the Damages Settlement Class if you applied for employment or were employed with Winn-Dixie between June 1, 2007 and February 8, 2008, and your employment was suspended or terminated because of a background check.

11.  I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help at www.WDFCRALitigation.com, by calling 1-888-404-8013, or by calling or writing to the lawyers in this case, at the phone number or address listed in question 15.

**Deleted:** 800-327-3664

## YOUR RIGHTS AND OPTIONS

12.  What happens if I do nothing?

If this settlement is approved by the Court, you will automatically receive a check in the mail in the approximate amount of $330.00. You will be releasing any claims you may have related to the allegations in this lawsuit. You will not be able to participate in any lawsuit against Winn-Dixie for the same legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

QUESTIONS?  VISIT www.WDFCRALitigation.com.

**Formatted:** DocIDFooterStyle

13.  How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *Black v. Winn-Dixie*. Be sure to include your name, current address, a specific statement that you want to be excluded from the Damages Settlement Class, and your signature. You must mail your exclusion request postmarked no later than **April 29, 2011** to:

> Black, *et al.* v. Winn-Dixie Stores, Inc.
> c/o The Garden City Group, Inc.
> Exclusion Requests-Black Settlement Administrator
> P.O. Box 91088
> Seattle, WA 98111-9188

| **Deleted:** 105 Maxess Rd. |
| **Deleted:** Melville, NY 11747 |

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Winn-Dixie in the future.

14.  If I don't exclude myself, can I sue Winn-Dixie for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Winn-Dixie for the claims that this settlement resolves.

15.  How do I object to the Settlement?

If you wish to object to the settlement or any matters as described in this Notice, you may do so by filing with the Court a notice of intention to object. The notice of intent to object should identify each objection, the basis for the objection and should be signed by you. The notice of intent to object should include any papers that support the objection. You must serve copies of all papers to the three addresses below:

| **COURT** | **PLAINTIFFS' COUNSEL** | **WINN-DIXIE'S COUNSEL** |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Middle District of Florida<br>Bryan Simpson United States Courthouse<br>300 North Hogan Street<br>Jacksonville, FL 32202 | Leonard A. Bennett<br>Consumer Litigation<br>Associates, P.C.<br>12515 Warwick Boulevard<br>Suite 100<br>Newport News, VA 23606 | Craig E. Bertschi<br>Kilpatrick Townsend & Stockton LLP<br>1100 Peachtree Street<br>Suite 2800<br>Atlanta, GA 30309 |

QUESTIONS?  VISIT www.WDFCRALitigation.com.

| **Formatted:** DocIDFooterStyle |

Filing a written objection with the Court is the only permissible way to contact the Court.

DO NOT CALL THE COURT. DO NOT CALL OR SEND CORRESPONDENCE TO THE JUDGE OR HIS CLERKS.

Objections must be filed and served no later than **April 29, 2011**. The objection must also indicate whether you and/or your attorney intends to appear at the Final Fairness Hearing. Any attorney who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than **April 29, 2011**.

### THE LAWYERS REPRESENTING YOU

16.  Do I have a lawyer in this case?

The Court decided that the law firms of Consumer Litigation Associates, P.C. and Varnell & Warwick, P.A. are qualified to represent you and all Class Members. The law firms are referred to as "Class Counsel." The lawyers at these firms are experienced in handling similar cases. More information about these law firms, their practices, and their lawyers' experience is available at www.consumerlawusa.com and www.varnellandwarwick.com.

17.  Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

18.  How will the lawyers be paid?

Under the Settlement Agreement, Class Counsel are permitted and intend to ask the Court to approve attorneys fees and costs in the amount of $115,000, which is thirty-percent (30%) of the money obtained for the Class. You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be deducted from any money obtained for the Class. The payment to you of $330 is the amount that will be paid to you even if these attorneys' fees are awarded by the Court.

### THE COURT'S FAIRNESS HEARING

19.  When and where will the Court decide whether to approve the settlement?

QUESTIONS?  VISIT www.WDFCRALitigation.com.

**Formatted:** DocIDFooterStyle

The Court will hold a Fairness Hearing at **2:00 p.m. on June 7, 2011**, at the United States District Court for the Middle District of Florida, 300 North Hogan Street, Jacksonville, Florida 32202, in Courtroom 10D. At the Fairness Hearing, the Court will consider whether the settlement, including Class Counsel's request for attorneys' fees and costs, is fair, reasonable, and adequate and should be granted final approval. If there are objections, the Court will consider them. The Fairness Hearing may be moved to a different date, extended, or moved to a different Courtroom without additional notice so it is recommended that you periodically check www.WDFCRALitigation.com for updated information.

20.  Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend the Fairness Hearing, but it is not necessary.

21.  May I speak at the hearing?

To speak at the Fairness Hearing, you must send a letter or other written document saying that the letter or document is your "Notice of Intent to Appear" in *Paul Black and Daniel Allen Johnson v. Winn-Dixie Stores, Inc.*, No. 3:09-CV-502-TJC-JRK. Be sure to include your name, address, telephone number, and your signature. You also must include information about what you intend to say at the hearing and, if you will be represented by a lawyer other than Class Counsel, you must include the name, address, and telephone number of your lawyer. You must send copies of your "Notice of Intent to Appear" to the addresses listed in Question 15 above. It must be postmarked no later than **April 29, 2011**. The Court will decide if you will be allowed to speak at the Fairness Hearing.

**GETTING MORE INFORMATION**

22.  How do I get more details about the settlement?

Visit the website, www.WDFCRALitigation.com, where you will find the Complaint that the Plaintiffs submitted, the Defendant's Answer to the Complaint and the Settlement Agreement. You may also speak to a representative of the Class Representatives by calling 1-888-404-8013 or by writing to: Black, *et al.*, v. Winn-Dixie Stores, Inc., c/o The Garden City Group, Inc., P.O. Box 91088, Seattle, WA 98111-9188.

QUESTIONS?  VISIT www.WDFCRALitigation.com.

Deleted: i

Deleted: 800-327-3664

Deleted: 105 Maxess Rd., Melville, NY 11747

Formatted: DocIDFooterStyle

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

# If you applied for employment with Winn-Dixie during the period June 5, 2007 through January 26, 2011, a class action lawsuit may affect your rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Plaintiffs Paul Black and Daniel Allen Johnson filed a class action lawsuit against Defendant Winn-Dixie Stores, Inc. ("Winn-Dixie") alleging that Winn-Dixie violated the Fair Credit Reporting Act by using Plaintiffs' and other individuals' consumer reports in processing employment applications without obtaining the proper authorization and providing disclosures to the applicants. Plaintiffs also allege that Winn-Dixie used information contained in the consumer reports to take adverse action against the individuals and employees but failed to provide timely notice to the individuals before taking such action.

- There is a proposed settlement between Plaintiffs and Winn-Dixie. The Settlement Agreement involves two groups of individuals – the Damages Settlement Class and the Injunctive Relief Settlement Class. This Notice is being provided to all members in the Injunctive Relief Settlement Class. Under the terms of the Settlement Agreement related to the Injunctive Relief Settlement Class, Winn-Dixie has agreed to make meaningful changes to its employment application process and system. No monetary consideration will be provided to Injunctive Relief Settlement Class members.

- The Court has not decided whether Winn-Dixie did anything wrong. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THE LAWSUIT | |
|---|---|
| **DO NOTHING** | **Await the outcome. Give up certain rights.** As a member of the Injunctive Relief Settlement Class, you will give up rights to be part of any other class action or group lawsuit related to Winn-Dixie's disclosure and procurement of authorization to use consumer reports in processing employment applications. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **FILE AN INDIVIDUAL LAWSUIT** | You keep any rights to sue Winn-Dixie individually about the same legal claims in this lawsuit. |
| **GO TO HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options are explained in this notice. The Court in charge of this case still has to decide whether to approve the Settlement Agreement. If it does, and after any appeals are resolved, the changes described above will be made by Winn-Dixie.

- **Any questions? Read on and visit www.WDFCRALitigation.com.**

| Deleted: VMFCRALitigation |
|---|
| **Formatted:** Double underline |
| **Formatted:** Double underline |

QUESTIONS?  VISIT www.WDFCRALitigation.com.

| **Formatted:** DocIDFooterStyle |
|---|

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ......................................................................PAGE 4-5
1.      Why is this Notice being provided?
2.      What is this lawsuit about?
3.      What is a class action and who is involved?
4.      Who is Winn-Dixie?

**THE CLAIMS IN THE LAWSUIT** ....................................................PAGE 5-6
5.      What does the lawsuit complain about?
6.      How did Winn-Dixie answer?
7.      Has the Court decided who is right?
8.      What are the Plaintiffs asking for?
9.      What does the settlement provide?

**WHO IS IN THE CLASS**....................................................................PAGE 6
10.     Am I part of this Class?
11.     I'm still not sure if I am included.

**YOUR RIGHTS AND OPTIONS** ...................................................... PAGE 6-7
12.     What happens if I do nothing?
13.     How do I object to the Settlement?

**THE LAWYERS REPRESENTING YOU** .......................................PAGE 7-8
14.     Do I have a lawyer in this case?
15.     Should I get my own lawyer?
16.     How will the lawyers be paid?

**THE COURT'S FAIRNESS HEARING** ...........................................PAGE 8-9
17.     When and where will the Court decide whether to approve the settlement?
18.     Do I have to come to the hearing?
19.     May I speak at the hearing?

**GETTING MORE INFORMATION**................................................PAGE 9
**20.**    How do I get more information about the settlement?

Formatted: DocIDFooterStyle

QUESTIONS?  VISIT www.WDFCRALitigation.com.

## BASIC INFORMATION

**1.   Why is this Notice being provided?**

A Court authorized the notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the settlement. This notice explains the lawsuit, the settlement, and your legal rights. Judge Timothy J. Corrigan, of the United States District Court for the Middle District of Florida, is overseeing this class action. The case is known as *Paul Black and Daniel Allen Johnson v. Winn-Dixie Stores, Inc.*, No. 3:09-CV-502-TJC-JRK. Your legal rights may be affected by the outcome of this lawsuit.

**2.   What is this lawsuit about?**

The lawsuit is about whether Winn-Dixie violated the Fair Credit Reporting Act. The lawsuit claims that Winn-Dixie failed to obtain the proper authorizations and failed to provide disclosures before using the consumer reports of individuals that applied for employment with Winn-Dixie between June 5, 2007 and January 26, 2011. The lawsuit also claims that Winn-Dixie used information contained in the applicants' and employees' consumer reports to take adverse action against the individuals but failed to provide timely notice to the individuals before taking such action.

**3.   What is a class action and who is involved?**

In a class action lawsuit, one or more people called "Class Representatives" (in this case Paul Black and Daniel Allen Johnson, the "Individual Class Representatives"), sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The individuals who sued – and all the Class Members like them – are called the Plaintiffs. Winn-Dixie, the entity they sued, is called the Defendant. One court resolves the issues for everyone in the Class.

In this case there are two groups of class members. The first group of class members includes individuals (1) who applied for employment with Winn-Dixie between June 1, 2007 and February 8, 2008, (2) who were the subject of a post-hire consumer report used by Winn-Dixie to make an employment decision, and (3) against whom Winn-Dixie took an adverse action based in whole or in part on the information contained in the consumer report. This group is identified as the "Damages Settlement Class." The second group of class members includes individuals who applied for employment with Winn-Dixie between June 5, 2007 and January 26, 2011. The second group is identified as the "Injunctive Relief Settlement Class." The Damages Settlement Class is a subset of the Injunctive Relief Settlement Class. **This notice relates to the Injunctive Relief Settlement Class.**

QUESTIONS?  VISIT www.WDFCRALitigation.com.

**Deleted:** who (1) applied for employment with Winn-Dixie between June 1, 2007 and February 8, 2008, (2) were hired, (3) whose consumer report was used by Winn-Dixie to make an employment decision, and (4) against whom Winn-Dixie took an adverse action based on all or some of the information contained in the consumer report.

**Formatted:** DocIDFooterStyle

4.   Who is Winn-Dixie?

Winn-Dixie is a major food retailer that has been in operation since 1925. As of June 1, 2009, Winn-Dixie operates 520 stores in five states (Alabama, Florida, Georgia, Louisiana, and Mississippi). Winn-Dixie also operates approximately 75 liquor stores, six (6) distribution centers and one manufacturing facility. The Company maintains corporate offices in Jacksonville and employs approximately 45,000 Associates throughout the organization.

## THE CLAIMS IN THIS LAWSUIT

5.   What does the lawsuit complain about?

In this lawsuit, the Plaintiffs claim that between June 2007 and January 26, 2011, Winn-Dixie violated the Fair Credit Reporting Act ("FCRA") by failing to obtain the necessary authorization and failing to disclose to applicants that Winn-Dixie intended to use their consumer reports when making a decision about their employment. The Plaintiffs also claim that Winn-Dixie took adverse actions against applicants and employees based on information contained in their consumer reports but failed to advise the individuals before taking such action.

6.   How did Winn-Dixie answer?

Winn-Dixie denies that it did anything wrong and denies that it violated the law.

7.   Has the Court decided who is right?

The Court hasn't decided whether Winn-Dixie or the Plaintiffs are correct. There is a proposed settlement between Plaintiffs and Winn-Dixie. This Notice is being issued to advise the Injunctive Relief Settlement Class members of the lawsuit, the settlement, your legal rights and what action will be taken. By issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case.

8.   What are the Plaintiffs asking for?

The Plaintiffs are asking for damages to compensate them for Winn-Dixie's alleged violation of the FCRA. Any monetary damages will only be paid to the Damages Settlement Class members. The Plaintiffs are also seeking an injunction requiring Winn-Dixie to change its employment application process and system to comply with the FCRA.

QUESTIONS?  VISIT www.WDFCRALitigation.com.

**Formatted:** DocIDFooterStyle

9.   What does the settlement provide?

Under the terms of the proposed Settlement related to the Injunctive Relief Settlement Class, Winn-Dixie has agreed to change its employment application process and system. No money is available for the Injunctive Relief Settlement Class members.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

10.   Am I part of this Class?

This Notice is being issued to the Injunctive Relief Settlement Class members. You are a member of the Injunctive Relief Settlement Class if you applied for employment with Winn-Dixie between June 5, 2007 and January 26, 2011.

11.   I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help at www.WDFCRALitigation.com, by calling 1-888-404-8013 or by calling or writing to the lawyers in this case, at the phone number or address listed in question 13.

**Deleted:** 800-327-3664

## YOUR RIGHTS AND OPTIONS

12.   What happens if I do nothing?

As a member of the Injunctive Relief Settlement Class you will not be able to participate in a class action or group lawsuit related to Winn-Dixie's disclosure and procurement of authorization to use consumer reports in processing employment applications. However, you can elect to sue Winn-Dixie individually for the same claims made in this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

13.   How do I object to the Settlement?

Any member of the Injunctive Relief Settlement Class who wishes to object to the injunctive relief settlement or any matters as described in the Injunctive Relief Published Notice or this Notice, may do so by filing with the Court a notice of their intention to object. The notice of intent to object should identify each objection, the basis for the objection and should be signed by the Injunctive Relief Settlement Class member. The notice of intent to object should include any papers that support the

**Formatted:** DocIDFooterStyle

objection. The Injunctive Relief Settlement Class member must serve copies of all papers to the three addresses below:

| COURT | PLAINTIFFS' COUNSEL | WINN-DIXIE'S COUNSEL |
|---|---|---|
| Clerk of the Court | Leonard A. Bennett | Craig E. Bertschi |
| United States District Court | Consumer Litigation | Kilpatrick Townsend & Stockton LLP |
| Middle District of Florida | Associates, P.C. | 1100 Peachtree Street |
| Bryan Simpson United States | 12515 Warwick Boulevard | Suite 2800 |
| Courthouse | Suite 100 | Atlanta, GA 30309 |
| 300 North Hogan Street | Newport News, VA 23606 | |
| Jacksonville, FL 32202 | | |

Filing a written objection with the Court is the only permissible way to contact the Court.

DO NOT CALL THE COURT. DO NOT CALL OR SEND CORRESPONDENCE TO JUDGE TIMOTHY J. CORRIGAN OR HIS CLERKS.

Objections must be filed and served no later than **April 29, 2011**. The objection must also indicate whether the Injunctive Relief Settlement Class member and/or his attorney(s) intends to appear at the Final Fairness Hearing. Any attorney who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than **April 29, 2011**.

**Deleted: May 19**

### THE LAWYERS REPRESENTING YOU

14. Do I have a lawyer in this case?

The Court decided that the law firms of Consumer Litigation Associates, P.C. and Varnell & Warwick, P.A. are qualified to represent you and all Class Members. The law firms are referred to as "Class Counsel." The lawyers at these firms are experienced in handling similar cases. More information about these law firms, their practices, and their lawyers' experience is available at www.consumerlawusa.com and www.varnellandwarwick.com.

15. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

16. How will the lawyers be paid?

**Deleted:** ——Page Break——

**Formatted:** DocIDFooterStyle

If Class Counsel obtain money or benefits for the Class, they may ask the Court for fees and expenses, not to exceed $32,500 (Thirty-Two Thousand Five Hundred Dollars). You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be paid separately by the Defendants.

## THE COURT'S FAIRNESS HEARING

17.   When and where will the Court decide whether to approve the settlement?

Judge Corrigan will hold a Fairness Hearing at **2:00 p.m. on June 7, 2011**, at the United States District Court for the Middle District of Florida, 300 North Hogan Street, Jacksonville, Florida 32202, in Courtroom 10D. At the Fairness Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and should be granted final approval. If there are objections, the Court will consider them. If the Court grants final approval to the settlement, it will schedule a hearing to consider Class Counsel's request for attorneys' fees, costs, expenses, and payment to the Damages Settlement Class Representatives. The Fairness Hearing may be moved to a different date, extended, or moved to a different courtroom without additional notice so it is recommended that you periodically check www.WDFCRALitigation.com for updated information.

18.   Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend the Fairness Hearing, but it is not necessary.

19.   May I speak at the hearing?

To speak at the Fairness Hearing, you must send a letter or other written document saying that the letter or document is your "Notice of Intent to Appear" in *Paul Black and Daniel Allen Johnson v. Winn-Dixie Stores, Inc.*, No. 3:09-CV-502-TJC-JRK. Be sure to include your name, address, telephone number, and your signature. You also must include information about what you intend to say at the hearing and, if you will be represented by a lawyer other than Class Counsel, you must include the name, address, and telephone number of your lawyer. You must send copies of your "Notice of Intent to Appear" to the addresses listed in Question 13 above. It

**Formatted:** DocIDFooterStyle

must be postmarked no later than **April 29, 2011**. The Court will decide if you will be allowed to speak at the Fairness Hearing.

<div align="center">GETTING MORE INFORMATION</div>

20. How do I get more details about the settlement?

Visit the website, www.WDFCRALitigation.com, where you will find the Complaint that the Plaintiffs submitted, the Defendant's Answer to the Complaint and the Settlement Agreement. You may also speak to a representative of the Class Representatives by calling 1-888-404-8013 or by writing to: Black, *et al.* v. Winn-Dixie Stores, Inc., c/o The Garden City Group, Inc., P.O. Box 91088, Seattle, WA 98111-9188.

**Deleted:** 800-327-3664

**Deleted:** 105 Maxess Rd., Melville, NY 11747

**Formatted:** DocIDFooterStyle

<div align="center">QUESTIONS?  VISIT www.WDFCRALitigation.com.</div>

# Legal Notice
# If you applied for employment with Winn-Dixie during the period June 5, 2007 through January 26, 2011, a class action lawsuit may affect your rights.

A settlement has been proposed in a class action lawsuit about Winn-Dixie's use of individuals' criminal background reports when making employment decisions about job applicants and employees. The Settlement involves two groups of Class Representatives – the Damages Settlement Class and the Injunctive Relief Settlement Class. This Notice is being provided to all members in the Injunctive Relief Settlement Class.

The United States District Court for the Middle District of Florida authorized this notice. Before any actions are taken, the Court will have a hearing to decide whether to approve the settlement.

The Damages Settlement Class has received a different notice by mail.

### WHO'S INCLUDED?

You are a member of the Injunctive Relief Settlement Class if you applied for employment with Winn-Dixie between June 5, 2007 and January 26, 2011.

If you are still not sure whether you are included, you can get free help at www.WDFCRALitigation.com, or by calling 1-888-404-8013.

### WHAT'S THE LAWSUIT ABOUT?

The lawsuit is about whether Winn-Dixie violated the Fair Credit Reporting Act. The lawsuit claimed that between June 5, 2007 and January 26, 2011, Winn-Dixie violated the Fair Credit Reporting Act ("FCRA") by failing to obtain the necessary authorization and failing to disclose to applicants that Winn-Dixie intended to use their consumer reports when making a decision about their employment. The lawsuit also claims that Winn-Dixie took adverse actions against the applicants and employees based on information contained in their consumer reports before advising the individual that it intended to do so. The Court did not decide which side was right. But both sides agreed to the settlement to resolve the case.

### WHAT DOES THE SETTLEMENT PROVIDE?

The Injunctive Relief Settlement Class will not receive monetary relief, but will not give up their right to pursue an individual lawsuit. Under the terms of the Injunctive Relief Settlement, Winn-Dixie has agreed to change its employment application process and system to obtain the proper authorization and provide the disclosures required under the FCRA. A Settlement Agreement, available at the website below, describes all of the details about the proposed settlement.

### IS MONETARY RELIEF AVAILABLE?

No monetary consideration will be provided to Injunctive Relief Settlement Class members.

### WHAT ARE YOUR OPTIONS?

As a member of the Injunctive Relief Settlement Class you will not be able to participate in a class action or group lawsuit against Winn-Dixie for certain legal claims that are the subject of this lawsuit. However, you can elect to sue Winn-Dixie individually for the same claims made in this lawsuit. You will be legally bound by all of the Orders issued and judgments rendered by the Court in this case. If you wish to object to the Settlement you may do so by writing to the Court about why you don't like the settlement.

The Court will hold a Fairness Hearing at 2:00 pm on June 7, 2011, to consider whether to approve the settlement and a request by the lawyers representing the Class Members (Leonard A. Bennett, *Consumer Litigation Associates, P. C.*, Virginia, and Janet Varnell, *Varnell & Warwick, P.A.*, Florida), for attorneys' fees and costs (not to exceed $32,500). You won't have to pay these fees and expenses. If there are objections, the Court will consider them at the hearing. You may ask to appear at the hearing, but you don't have to. For more information, call 1-888-404-8013, visit www.WDFCRALitigation.com or write to *Black, et al. v. Winn-Dixie Stores, Inc., c/o The* Garden City Group, Inc., P.O. Box 91088, Seattle, WA 98111-9188.

US2008 2264742.1

---

*Margin annotations:*

- Deleted: Stores
- Deleted: 00- 327-3664
- Deleted: *Yarnell*
- Deleted: 800-327-3664
- Deleted: 105 Maxess Rd., Melville, NY 11747
- Formatted: DocIDFooterStyle