## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

PAUL BLACK and DANIEL ALLEN
JOHNSON, on behalf of themselves
and all other similarly situated
individuals,

                Plaintiffs,

vs.                                 Case No. 3:09-cv-502-TJC-JRK

WINN-DIXIE STORES, INC., a Florida
Corporation,

                Defendant.

---

## DECLARATION OF JENNIFER M. KEOUGH
## <u>REGARDING NOTICE DISSEMINATION</u>

    I, Jennifer M. Keough, hereby declare as follows:

    1.     I am the Executive Vice President, Operations, of The Garden City Group, Inc. ("GCG"). The following statements are based on my personal knowledge and information provided to me by other GCG employees working under my supervision in connection with GCG's role as third-party Settlement Administrator in this action. If called on to do so, I could and would testify competently thereto. GCG has been providing comprehensive legal administration services for over 25 years. Our team has served as administrator for well over 2,500 cases. In the course of our history, GCG has mailed over 275 million notices, disseminated over 650 million emails, handled over 28 million phone calls, processed over 47 million claims, and distributed over $30 billion in benefits.

2.    GCG is the appointed third-party Notice Provider and Settlement Administrator for the Class Action Settlement preliminarily approved by the Court in the above-captioned action on January 26, 2011.   In accordance with the Court's Preliminary Approval Order, I submit this Declaration in order to provide the Court and the Parties to the Litigation with information regarding the establishment and maintenance of the Settlement Website and the Telephone Assistance Program, the mailing of the Damages Settlement Long-Form Notice, and the publication of the Injunctive Relief Published Notice.

## Settlement Website

3.    GCG established a Settlement Website on February 26, 2011 dedicated to this Settlement (www.wdfcralitigation.com) to provide additional information to potential class members.  The Settlement Website (1) enables Settlement Class Members to access and download the Damages Settlement Long-Form Notice and the Injunctive Relief Long-Form Notice (attached hereto as Exhibits A and B, respectively); (2) enables Settlement Class Members to download an exclusion form (attached hereto as Exhibit C); (3) provides a list of critical dates and deadlines in the Settlement process; (4) provides relevant updates and information with respect to the Settlement and approval process; and (5) provides the full text of the Settlement Agreement, the Preliminary Approval Order and other relevant orders of the Court   The website address was provided in the direct-mail Notice to the Damages Settlement Class and in the Published Injunctive Relief Notice.  GCG continues to maintain the website, and as of May 23, 2011, there have been 122 visits.

## TELEPHONE ASSISTANCE PROGRAM

4.     Beginning on March 2, 2011, GCG set up and continues to maintain an automated toll-free telephone number (888-404-8013), where members of the Injunctive Relief Settlement Class and the Damages Settlement Class can obtain information about the Settlement. This toll-free help line is accessible twenty-four (24) hours a day, seven (7) days a week. Individuals who call the toll-free number have the option of speaking to a live operator during business hours or leaving a voice message, after business hours, so that a call center representative can return the call during business hours. As of May 23, 2011, there have been 76 calls to the automated number, and 22 callers have left messages. In addition, Counsel has forwarded to GCG all general inquiries they have received from potential Class Members, and asked GCG to respond. Each of these messages and phone calls has been returned promptly. GCG has and will continue to expeditiously handle inquiries from Class Members.

## DIRECT-MAIL NOTICE TO DAMAGES SETTLEMENT CLASS

5.     GCG was responsible for providing direct-mail notice to the Damages Settlement Class, postage prepaid First Class.

6.     In accordance with Paragraph 48(i) of the Settlement Agreement, on February 24, 2011, Winn-Dixie provided GCG with a data list in electronic format which included, among other things, the names and contact information for the members of the Damages Settlement Class (the "Damages Settlement Class List"). GCG entered the Damages Settlement Class List into a database created for the administration of this Settlement.

7.     GCG updated the addresses on the Damages Settlement Class List using the National Change of Address ("NCOA") database maintained by the United States

3

Postal Service. Of the 778 addresses provided by Winn-Dixie, 170 were returned with updated addresses. Where a more current address was obtained, GCG used that address for the mailing. GCG then removed duplicate records by identifying those entries in which the same name and address appeared.

8.     GCG formatted the Damages Settlement Long-Form Notice and caused it to be mailed, postage pre-paid, to each Damages Settlement Class Member identified on the Damages Class Settlement List, on March 2, 2011 (the "Notice Date"). A total of 777 Notices were mailed on the Notice Date. As of May 23, 2011, a total of 8 Notices had been returned to GCG as undeliverable with forwarding address information. These Notices were promptly re-mailed. In addition, 234 Notices have been returned to GCG as undeliverable with no forwarding address information. Of these 234 returned Notices, 234 records were sent for an advanced address search, and 224 new addresses were found. Additional Notices were mailed to the new addresses. As directed by the Court, the Damages Settlement Long-Form Notice includes the toll-free number and the Settlement Website address.

## PUBLICATION NOTICE

9.     In accordance with Paragraph 45 of the Settlement Agreement, on March 2, 2011, the Injunctive Relief Published Notice was published in USA Today. A copy of the Injunctive Relief Published Notice as it appeared in USA Today is attached hereto as Exhibit D.

## REPORTS TO COUNSEL

10.     GCG has provided bi-weekly statistical reports to the Parties through Counsel, which include the number of timely executed requests for exclusion, the number of timely objections, and the number of items of claimant correspondence

received.  GCG has and continues to maintain regular contact with Counsel regarding Settlement Administration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 24th day of May, 2011 at Seattle, Washington.

Jennifer M. Keough

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **"Declaration of Jennifer M. Keough Regarding Notice Dissemination"** has been filed with the U.S. District Court's CM/ECF System and that pursuant thereto, a copy of this pleading has been served upon the following persons by electronic mail:

> Janet R. Varnell (jrvarnell@aol.com))
> Brian W. Warwick (bwwarwick@aol.com)
> VARNELL & WARWICK, P.A.
> 20 La Grande Boulevard
> The Villages, Florida 32159
>
> Christopher Colt North (cnorthlaw@aol.com)
> The Consumer & Employee Rights Law Firm, P.C.
> 715-A Thimble Shoals Boulevard
> Newport News, Virginia 23606
>
> Leonard A. Bennett (lenbennett@clalegal.com)
> 12515 Warwick Boulevard
> Newport News, Virginia 23606
>
> Latasha Garrison-Fullwood (lgf@tdclaw.com)
> Taylor, Day, Currie, Boyd & Johnson, P.A.
> 50 North Laura Street, Suite 3500
> Jacksonville, Florida 32202

This 25th day of May 2011.

> /s/ Angela N. Frazier
> Angela N. Frazier
> Admitted Pro Hac Vice
> Kilpatrick Townsend & Stockton LLP
> 1100 Peachtree Street Suite 2800
> Atlanta, Georgia 30309-4528
> Telephone: 404-815-6476
> Facsimile: 404-541-3489
>
> Attorney for Defendant Winn-Dixie Stores, Inc.

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

# If you applied for or were employed with Winn-Dixie and your employment was suspended or terminated because of a background check, during the period June 1, 2007 through February 8, 2008, a class action lawsuit may affect your rights.

*A court authorized this Notice. This is not a solicitation from a lawyer.*

- Plaintiffs Paul Black and Daniel Allen Johnson filed a class action lawsuit against Defendant Winn-Dixie Stores, Inc. ("Winn-Dixie") alleging that Winn-Dixie violated the Fair Credit Reporting Act by using Plaintiffs' and other individuals' consumer reports to take adverse action against the individuals but failed to provide timely notice to the individuals before taking such action. Plaintiffs also allege that Winn-Dixie violated the law by using consumer reports in processing employment applications without obtaining the proper authorization and providing disclosures to the applicants.

- There is a proposed settlement between Plaintiffs and Winn-Dixie. The Settlement Agreement involves two groups of individuals – the Damages Settlement Class and the Injunctive Relief Settlement Class. **This Notice is being provided to all members in the Damages Settlement Class.** Under the terms of the Settlement Agreement, Winn-Dixie has agreed to make a cash payment to each Damages Settlement Class member.

- The Court has not decided whether Winn-Dixie did anything wrong. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THE LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.**<br>Receive a cash payment mailed to you in the approximate amount of $330 but give up your right to participate in any lawsuit against Winn-Dixie for the same legal claims that are the subject of this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep rights.**<br>If you ask to be excluded and money or benefits are later awarded, you won't share in those. But, you keep any rights to sue Winn-Dixie separately about the same legal claims in this lawsuit. |
| **OBJECT** | Write to the Court about why you don't like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options are explained in this Notice. The Court in charge of this case still has to decide whether to approve the Settlement Agreement. If it does, and after any appeals are resolved, the changes described above will be made by Winn-Dixie.

- **Any questions? Read on and visit www.WDFCRALitigation.com.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................PAGE 3

1.   Why is this Notice being provided?
2.   What is this lawsuit about?
3.   What is a class action and who is involved?
4.   Who is Winn-Dixie?

**THE CLAIMS IN THIS LAWSUIT**.........................................................................PAGE 3-4

5.   What does the lawsuit complain about?
6.   How did Winn-Dixie answer?
7.   Has the Court decided who is right?
8.   What are the Plaintiffs asking for?
9.   What does the Settlement provide?

**WHO IS IN THE CLASS**............................................................................................PAGE 4

10.   Am I part of this Class?
11.   I'm still not sure if I am included.

**YOUR RIGHTS AND OPTIONS**.........................................................................PAGE 4-5

12.   What happens if I do nothing?
13.   How do I get out of the Settlement?
14.   If I don't exclude myself, can I sue Winn-Dixie for the same thing later?
15.   How do I object to the Settlement?

**THE LAWYERS REPRESENTING YOU**.............................................................PAGE 5-6

16.   Do I have a lawyer in this case?
17.   Should I get my own lawyer?
18.   How will the lawyers be paid?

**THE COURT'S FAIRNESS HEARING**...................................................................PAGE 6

19.   When and where will the Court decide whether to approve the Settlement?
20.   Do I have to come to the hearing?
21.   May I speak at the hearing?

**GETTING MORE INFORMATION**..........................................................................PAGE 6

22.   How do I get more information about the Settlement?

# BASIC INFORMATION

### 1.  Why is this Notice being provided?

A Court authorized the Notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights. Judge Timothy J. Corrigan, of the United States District Court for the Middle District of Florida, is overseeing this class action. The case is known as *Paul Black and Daniel Allen Johnson v. Winn-Dixie Stores, Inc.*, No. 3:09-CV-502-TJC-JRK. Your legal rights may be affected by the outcome of this lawsuit.

### 2.  What is this lawsuit about?

The lawsuit is about whether Winn-Dixie violated the Fair Credit Reporting Act. The lawsuit claims that Winn-Dixie failed to obtain the proper authorizations and failed to provide disclosures before using the consumer reports of individuals that applied for employment with Winn-Dixie between June 1, 2007 and January 26, 2011. The lawsuit also claims that Winn-Dixie used information contained in the applicants' consumer reports to take adverse action against the individuals but failed to provide timely notice to the individuals before taking such action.

### 3.  What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Paul Black and Daniel Allen Johnson, the "Individual Class Representatives"), sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The individuals who sued – and all the Class Members like them – are called the Plaintiffs. Winn-Dixie, the entity they sued, is called the Defendant. One court resolves the issues for everyone in the Class.

In this case there are two groups of Class Members. The first group of Class Members includes individuals (1) who applied for employment with Winn-Dixie between June 1, 2007 and February 8, 2008, (2) who were the subject of a post-hire consumer report used by Winn-Dixie to make an employment decision, and (3) against whom Winn-Dixie took an adverse action based in whole or in part on the information contained in the consumer report. An "adverse action" occurred if the person was suspended or terminated from employment. This group is identified as the "Damages Settlement Class." The second group of Class Members includes individuals who applied for employment with Winn-Dixie between June 5, 2007 and January 26, 2011. The second group is identified as the "Injunctive Relief Settlement Class." The Damages Settlement Class is a subset of the Injunctive Relief Settlement Class.

We have determined that you are a member of the Damages Settlement Class.

### 4.  Who is Winn-Dixie?

Winn-Dixie is a major food retailer that has been in operation since 1925. As of September 22, 2010, Winn-Dixie operates 484 stores in five states (Alabama, Florida, Georgia, Louisiana, and Mississippi). Winn-Dixie also operates approximately 75 liquor stores, six (6) distribution centers and one manufacturing facility. The Company maintains corporate offices in Jacksonville and employs approximately 45,000 Associates throughout the organization.

# THE CLAIMS IN THIS LAWSUIT

### 5.  What does the lawsuit complain about?

In this lawsuit, the Plaintiffs claim that between June 1, 2007 and January 26, 2011, Winn-Dixie violated the Fair Credit Reporting Act ("FCRA") by failing to obtain the necessary authorization and failing to disclose to applicants that Winn-Dixie intended to use their consumer reports when making a decision about their employment. The

Plaintiffs also claim that Winn-Dixie took adverse actions against applicants and employees based on information contained in their consumer reports but failed to advise the individuals before taking such action.

**6. How did Winn-Dixie answer?**

Winn-Dixie denies that it did anything wrong and denies that it violated the law.

**7. Has the Court decided who is right?**

The Court hasn't decided whether Winn-Dixie or the Plaintiffs are correct. There is a proposed settlement between Plaintiffs and Winn-Dixie. This Notice is being issued to advise the Damages Settlement Class members of the lawsuit, the Settlement, your legal rights and what benefits you may receive. By issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case.

**8. What are the Plaintiffs asking for?**

The Plaintiffs are asking for damages to compensate them for Winn-Dixie's alleged violation of the FCRA. Any monetary damages will only be paid to the Damages Settlement Class members.

The Plaintiffs are also seeking an injunction requiring Winn-Dixie to change its employment application process and system to comply with the FCRA.

**9. What does the Settlement provide?**

Under the terms of the proposed Settlement related to the Damages Settlement Class, Winn-Dixie has agreed to pay each member approximately $330. No money is available for the Injunctive Relief Settlement Class members.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

**10. Am I part of this Class?**

This Notice is being issued to the Damages Settlement Class members. You are a member of the Damages Settlement Class if you applied for employment or were employed with Winn-Dixie between June 1, 2007 and February 8, 2008, and your employment was suspended or terminated because of a background check.

**11. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help at www.WDFCRALitigation.com, by calling 1-888-404-8013, or by calling or writing to the lawyers in this case, at the phone number or address listed in question 15.

## YOUR RIGHTS AND OPTIONS

**12. What happens if I do nothing?**

If this Settlement is approved by the Court, you will automatically receive a check in the mail in the approximate amount of $330. You will be releasing any claims you may have related to the allegations in this lawsuit. You will not be able to participate in any lawsuit against Winn-Dixie for the same legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

## 13. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Black, et al. v. Winn-Dixie Stores, Inc.* Be sure to include your name, current address, a specific statement that you want to be excluded from the Damages Settlement Class, and your signature. You must mail your exclusion request postmarked no later than **April 29, 2011** to:

> Black, et al. v. Winn-Dixie Stores, Inc. – Exclusion Requests
> c/o GCG, Inc.
> P.O. Box 91088
> Seattle, WA 98111-9188

If you ask to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Winn-Dixie in the future.

## 14. If I don't exclude myself, can I sue Winn-Dixie for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Winn-Dixie for the claims that this Settlement resolves.

## 15. How do I object to the Settlement?

If you wish to object to the Settlement or any matters as described in this Notice, you may do so by filing with the Court a notice of intention to object. The notice of intent to object should identify each objection, the basis for the objection and should be signed by you. The notice of intent to object should include any papers that support the objection. You must serve copies of all papers to the three addresses below:

| COURT | PLAINTIFFS' COUNSEL | WINN-DIXIE'S COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Middle District of Florida<br>Bryan Simpson United States<br>Courthouse<br>300 North Hogan Street<br>Jacksonville, FL 32202 | Leonard A. Bennett<br>Consumer Litigation<br>Associates, P.C.<br>12515 Warwick Boulevard<br>Suite 100<br>Newport News, VA 23606<br>(757) 930-3660 | Craig E. Bertschi<br>Kilpatrick Townsend & Stockton LLP<br>1100 Peachtree Street<br>Suite 2800<br>Atlanta, GA 30309 |

Filing a written objection with the Court is the only permissible way to contact the Court.

DO NOT CALL THE COURT. DO NOT CALL OR SEND CORRESPONDENCE TO THE JUDGE OR HIS CLERKS.

Objections must be filed and served no later than **April 29, 2011**. The objection must also indicate whether you and/or your attorney intends to appear at the Final Fairness Hearing. Any attorney who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than **April 29, 2011**.

# THE LAWYERS REPRESENTING YOU

## 16. Do I have a lawyer in this case?

The Court decided that the law firms of Consumer Litigation Associates, P.C. and Varnell & Warwick, P.A. are qualified to represent you and all Class Members. The law firms are referred to as "Class Counsel." The lawyers at these firms are experienced in handling similar cases. More information about these law firms, their practices, and their lawyers' experience is available at www.consumerlawusa.com and www.varnellandwarwick.com.

## 17. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

## 18. How will the lawyers be paid?

Under the Settlement Agreement, Class Counsel are permitted and intend to ask the Court to approve attorneys fees and costs in the amount of $115,000, which is approximately thirty-percent (30%) of the money obtained for the Class. You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be deducted from any money obtained for the Class. The payment to you of approximately $330 is the amount that will be paid to you even if these attorneys' fees are awarded by the Court.

# THE COURT'S FAIRNESS HEARING

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at **2:00 p.m. on June 7, 2011**, at the United States District Court for the Middle District of Florida, 300 North Hogan Street, Jacksonville, Florida 32202, in Courtroom 10D. At the Fairness Hearing, the Court will consider whether the Settlement, including Class Counsel's request for attorneys' fees and costs, is fair, reasonable, and adequate and should be granted final approval. If there are objections, the Court will consider them. The Fairness Hearing may be moved to a different date, extended, or moved to a different Courtroom without additional notice so it is recommended that you periodically check www.WDFCRALitigation.com for updated information.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend the Fairness Hearing, but it is not necessary.

## 21. May I speak at the hearing?

To speak at the Fairness Hearing, you must send a letter or other written document saying that the letter or document is your "Notice of Intent to Appear" in *Paul Black and Daniel Allen Johnson v. Winn-Dixie Stores, Inc.*, No. 3:09-CV-502-TJC-JRK. Be sure to include your name, address, telephone number, and your signature. You also must include information about what you intend to say at the hearing and, if you will be represented by a lawyer other than Class Counsel, you must include the name, address, and telephone number of your lawyer. You must send copies of your "Notice of Intent to Appear" to the addresses listed in Question 15 above. It must be postmarked no later than **April 29, 2011**. The Court will decide if you will be allowed to speak at the Fairness Hearing.

# GETTING MORE INFORMATION

## 22. How do I get more information about the Settlement?

Visit the website, www.WDFCRALitigation.com, where you will find the Complaint that the Plaintiffs submitted, the Defendant's Answer to the Complaint and the Settlement Agreement. You may also speak to the Notice Administrator by calling 1-888-404-8013 or by writing to: Black, et al. v. Winn-Dixie Stores, Inc., c/o GCG, Inc., P.O. Box 91088, Seattle, WA 98111-9188.

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

# If you applied for employment with Winn-Dixie during the period June 5, 2007 through January 26, 2011, a class action lawsuit may affect your rights.

*A court authorized this Notice. This is not a solicitation from a lawyer.*

- Plaintiffs Paul Black and Daniel Allen Johnson filed a class action lawsuit against Defendant Winn-Dixie Stores, Inc. ("Winn-Dixie") alleging that Winn-Dixie violated the Fair Credit Reporting Act by using Plaintiffs' and other individuals' consumer reports in processing employment applications without obtaining the proper authorization and providing disclosures to the applicants. Plaintiffs also allege that Winn-Dixie used information contained in the consumer reports to take adverse action against the individuals and employees but failed to provide timely notice to the individuals before taking such action.

- There is a proposed settlement between Plaintiffs and Winn-Dixie. The Settlement Agreement involves two groups of individuals -- the Damages Settlement Class and the Injunctive Relief Settlement Class. This Notice is being provided to all members in the Injunctive Relief Settlement Class. Under the terms of the Settlement Agreement related to the Injunctive Relief Settlement Class, Winn-Dixie has agreed to make meaningful changes to its employment application process and system. No monetary consideration will be provided to Injunctive Relief Settlement Class members.

- The Court has not decided whether Winn-Dixie did anything wrong. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THE LAWSUIT | |
|---|---|
| **DO NOTHING** | **Await the outcome. Give up certain rights.** <br> As a member of the Injunctive Relief Settlement Class, you will give up rights to be part of any other class action or group lawsuit related to Winn-Dixie's disclosure and procurement of authorization to use consumer reports in processing employment applications. |
| **OBJECT** | Write to the Court about why you don't like the Settlement. |
| **FILE AN INDIVIDUAL LAWSUIT** | You keep any rights to sue Winn-Dixie individually about the same legal claims in this lawsuit. |
| **GO TO HEARING** | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options are explained in this Notice. The Court in charge of this case still has to decide whether to approve the Settlement Agreement. If it does, and after any appeals are resolved, the changes described above will be made by Winn-Dixie.

- **Any questions? Read on and visit www.WDFCRALitigation.com.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................................PAGE 3

1.      Why is this Notice being provided?
2.      What is this lawsuit about?
3.      What is a class action and who is involved?
4.      Who is Winn-Dixie?

**THE CLAIMS IN THIS LAWSUIT** ........................................................................PAGE 4

5.      What does the lawsuit complain about?
6.      How did Winn-Dixie answer?
7.      Has the Court decided who is right?
8.      What are the Plaintiffs asking for?
9.      What does the Settlement provide?

**WHO IS IN THE CLASS** ............................................................................................PAGE 4

10.     Am I part of this Class?
11.     I'm still not sure if I am included.

**YOUR RIGHTS AND OPTIONS** ............................................................................PAGE 5

12.     What happens if I do nothing?
13.     How do I object to the Settlement?

**THE LAWYERS REPRESENTING YOU** ...........................................................PAGE 5-6

14.     Do I have a lawyer in this case?
15.     Should I get my own lawyer?
16.     How will the lawyers be paid?

**THE COURT'S FAIRNESS HEARING** ................................................................PAGE 6

17.     When and where will the Court decide whether to approve the Settlement?
18.     Do I have to come to the hearing?
19.     May I speak at the hearing?

**GETTING MORE INFORMATION** ......................................................................PAGE 6

20.     How do I get more information about the Settlement?

# BASIC INFORMATION

### 1.   Why is this Notice being provided?

A Court authorized the Notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights. Judge Timothy J. Corrigan, of the United States District Court for the Middle District of Florida, is overseeing this class action. The case is known as *Paul Black and Daniel Allen Johnson v. Winn-Dixie Stores, Inc.*, No. 3:09-CV-502-TJC-JRK. Your legal rights may be affected by the outcome of this lawsuit.

### 2.   What is this lawsuit about?

The lawsuit is about whether Winn-Dixie violated the Fair Credit Reporting Act. The lawsuit claims that Winn-Dixie failed to obtain the proper authorizations and failed to provide disclosures before using the consumer reports of individuals that applied for employment with Winn-Dixie between June 5, 2007 and January 26, 2011. The lawsuit also claims that Winn-Dixie used information contained in the applicants' and employees' consumer reports to take adverse action against the individuals but failed to provide timely notice to the individuals before taking such action.

### 3.   What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Paul Black and Daniel Allen Johnson, the "Individual Class Representatives"), sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The individuals who sued -- and all the Class Members like them -- are called the Plaintiffs. Winn-Dixie, the entity they sued, is called the Defendant. One court resolves the issues for everyone in the Class.

In this case there are two groups of Class Members. The first group of Class Members includes individuals (1) who applied for employment with Winn-Dixie between June 1, 2007 and February 8, 2008, (2) who were the subject of a post-hire consumer report used by Winn-Dixie to make an employment decision, and (3) against whom Winn-Dixie took an adverse action based in whole or in part on the information contained in the consumer report. This group is identified as the "Damages Settlement Class." The second group of Class Members includes individuals who applied for employment with Winn-Dixie between June 5, 2007 and January 26, 2011. The second group is identified as the "Injunctive Relief Settlement Class." The Damages Settlement Class is a subset of the Injunctive Relief Settlement Class. **This Notice relates to the Injunctive Relief Settlement Class.**

### 4.   Who is Winn-Dixie?

Winn-Dixie is a major food retailer that has been in operation since 1925. As of September 22, 2010, Winn-Dixie operates 484 stores in five states (Alabama, Florida, Georgia, Louisiana, and Mississippi). Winn-Dixie also operates approximately 75 liquor stores, six (6) distribution centers and one manufacturing facility. The Company maintains corporate offices in Jacksonville and employs approximately 45,000 Associates throughout the organization.

# THE CLAIMS IN THIS LAWSUIT

**5.  What does the lawsuit complain about?**

In this lawsuit, the Plaintiffs claim that between June 5, 2007 and January 26, 2011, Winn-Dixie violated the Fair Credit Reporting Act ("FCRA") by failing to obtain the necessary authorization and failing to disclose to applicants that Winn-Dixie intended to use their consumer reports when making a decision about their employment. The Plaintiffs also claim that Winn-Dixie took adverse actions against applicants and employees based on information contained in their consumer reports but failed to advise the individuals before taking such action.

**6.  How did Winn-Dixie answer?**

Winn-Dixie denies that it did anything wrong and denies that it violated the law.

**7.  Has the Court decided who is right?**

The Court hasn't decided whether Winn-Dixie or the Plaintiffs are correct. There is a proposed settlement between Plaintiffs and Winn-Dixie. This Notice is being issued to advise the Injunctive Relief Settlement Class members of the lawsuit, the Settlement, your legal rights and what action will be taken. By issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case.

**8.  What are the Plaintiffs asking for?**

The Plaintiffs are asking for damages to compensate them for Winn-Dixie's alleged violation of the FCRA. Any monetary damages will only be paid to the Damages Settlement Class members. The Plaintiffs are also seeking an injunction requiring Winn-Dixie to change its employment application process and system to comply with the FCRA.

**9.  What does the Settlement provide?**

Under the terms of the proposed Settlement related to the Injunctive Relief Settlement Class, Winn-Dixie has agreed to change its employment application process and system. No money is available for the Injunctive Relief Settlement Class members.

# WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

**10.  Am I part of this Class?**

This Notice is being issued to the Injunctive Relief Settlement Class members. You are a member of the Injunctive Relief Settlement Class if you applied for employment with Winn-Dixie between June 5, 2007 and January 26, 2011.

**11.  I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help at www.WDFCRALitigation.com, by calling 1-888-404-8013 or by calling or writing to the lawyers in this case, at the phone number or address listed in question 13.

# YOUR RIGHTS AND OPTIONS

**12. What happens if I do nothing?**

As a member of the Injunctive Relief Settlement Class you will not be able to participate in a class action or group lawsuit related to Winn-Dixie's disclosure and procurement of authorization to use consumer reports in processing employment applications. However, you can elect to sue Winn-Dixie individually for the same claims made in this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

**13. How do I object to the Settlement?**

Any member of the Injunctive Relief Settlement Class who wishes to object to the injunctive relief Settlement or any matters as described in the Injunctive Relief Published Notice or this Notice, may do so by filing with the Court a notice of their intention to object. The notice of intent to object should identify each objection, the basis for the objection and should be signed by the Injunctive Relief Settlement Class member. The notice of intent to object should include any papers that support the objection. The Injunctive Relief Settlement Class member must serve copies of all papers to the three addresses below:

| COURT | PLAINTIFFS' COUNSEL | WINN-DIXIE'S COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Middle District of Florida<br>Bryan Simpson United States<br>Courthouse<br>300 North Hogan Street<br>Jacksonville, FL 32202 | Leonard A. Bennett<br>Consumer Litigation<br>Associates, P.C.<br>12515 Warwick Boulevard<br>Suite 100<br>Newport News, VA 23606<br>(757) 930-3660 | Craig E. Bertschi<br>Kilpatrick Townsend & Stockton LLP<br>1100 Peachtree Street<br>Suite 2800<br>Atlanta, GA 30309 |

Filing a written objection with the Court is the only permissible way to contact the Court.

DO NOT CALL THE COURT. DO NOT CALL OR SEND CORRESPONDENCE TO JUDGE TIMOTHY J. CORRIGAN OR HIS CLERKS.

Objections must be filed and served no later than **April 29, 2011**. The objection must also indicate whether the Injunctive Relief Settlement Class member and/or his attorney(s) intends to appear at the Final Fairness Hearing. Any attorney who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than **April 29, 2011**.

# THE LAWYERS REPRESENTING YOU

**14. Do I have a lawyer in this case?**

The Court decided that the law firms of Consumer Litigation Associates, P.C. and Varnell & Warwick, P.A. are qualified to represent you and all Class Members. The law firms are referred to as "Class Counsel." The lawyers at these firms are experienced in handling similar cases. More information about these law firms, their practices, and their lawyers' experience is available at www.consumerlawusa.com and www.varnellandwarwick.com.

## 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

## 16. How will the lawyers be paid?

If Class Counsel obtain money or benefits for the Class, they may ask the Court for fees and expenses, not to exceed $32,500 (Thirty-Two Thousand Five Hundred Dollars). You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be paid separately by the Defendants.

# THE COURT'S FAIRNESS HEARING

## 17. When and where will the Court decide whether to approve the Settlement?

Judge Corrigan will hold a Fairness Hearing at **2:00 p.m. on June 7, 2011**, at the United States District Court for the Middle District of Florida, 300 North Hogan Street, Jacksonville, Florida 32202, in Courtroom 10D. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and should be granted final approval. If there are objections, the Court will consider them. If the Court grants final approval to the Settlement, it will schedule a hearing to consider Class Counsel's request for attorneys' fees, costs, expenses, and payment to the Damages Settlement Class Representatives. The Fairness Hearing may be moved to a different date, extended, or moved to a different courtroom without additional notice so it is recommended that you periodically check www.WDFCRALitigation.com for updated information.

## 18. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend the Fairness Hearing, but it is not necessary.

## 19. May I speak at the hearing?

To speak at the Fairness Hearing, you must send a letter or other written document saying that the letter or document is your "Notice of Intent to Appear" in *Paul Black and Daniel Allen Johnson v. Winn-Dixie Stores, Inc.*, No. 3:09-CV-502-TJC-JRK. Be sure to include your name, address, telephone number, and your signature. You also must include information about what you intend to say at the hearing and, if you will be represented by a lawyer other than Class Counsel, you must include the name, address, and telephone number of your lawyer. You must send copies of your "Notice of Intent to Appear" to the addresses listed in Question 13 above. It must be postmarked no later than **April 29, 2011**. The Court will decide if you will be allowed to speak at the Fairness Hearing.

# GETTING MORE INFORMATION

## 20. How do I get more information about the Settlement?

Visit the website, www.WDFCRALitigation.com, where you will find the Complaint that the Plaintiffs submitted, the Defendant's Answer to the Complaint and the Settlement Agreement. You may also speak to the Notice Administrator by calling 1-888-404-8013 or by writing to: Black, et al. v. Winn-Dixie Stores, Inc., c/o GCG, Inc., P.O. Box 91088, Seattle, WA 98111-9188.

# EXHIBIT C



Black, et al. v. Winn-Dixie Stores, Inc.
c/o GCG, Inc.
P.O. Box 91088
Seattle, WA  98111-9188

WDX

<table>
<tr><td>Must be Postmarked<br>No Later Than<br>April 29, 2011</td></tr>
</table>

## REQUEST FOR EXCLUSION

**ONLY COMPLETE THIS REQUEST FOR EXCLUSION FORM IF YOU WISH TO OPT OUT OF (NOT PARTICIPATE IN) THE SETTLEMENT OF THE ACTION** KNOWN AS *BLACK, ET AL. V. WINN-DIXIE STORES, INC.*, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, NO. 3:09-CV-502-TJC-JRK.

**IF YOU OPT OUT OF THE SETTLEMENT, YOU WILL NOT RECEIVE ANY PORTION OF THE SETTLEMENT PAYMENT, AND WILL NOT BE BOUND BY THE TERMS OF THE SETTLEMENT.**

**I hereby declare as follows:**

I applied for or was employed with Winn-Dixie during the period of June 1, 2007 through February 8, 2008 and my employment was suspended or terminated based on information contained in a consumer report.

I wish to be **excluded** from the Damages Settlement Class described in the Class Notice of the Action known as *Black, et al. v. Winn-Dixie Store, Inc.*, and I **do not** want to participate in the proposed Settlement described therein.  I understand if I exclude myself from the Settlement, I will not receive any Settlement payment; I cannot object to the Settlement; I will not be legally bound by the terms of the Settlement; and I will retain my right to sue (or continue to sue) Winn-Dixie in the future.

I declare that the foregoing, and the information provided below, is true and correct.

Date: _____

Signature: _____

Typed or Printed **Full Name**: _____

Residence Street Address: _____

City, State and Zip Code: _____

Telephone Number, Including Area Code: _____

IN ORDER TO BE VALID, THIS REQUEST FOR EXCLUSION FORM MUST BE COMPLETED, SIGNED, MAILED BY FIRST CLASS MAIL, AND POSTMARKED ON OR BEFORE **APRIL 29, 2011**.  Send this signed Request for Exclusion form to the Notice Administrator at:

*Black, et al. v. Winn-Dixie Stores, Inc.*
c/o GCG, Inc.
P.O. Box 91088
Seattle, WA  98111-9188

QUESTIONS? VISIT WWW.WDFCRALITIGATION.COM

# EXHIBIT D

USA TODAY   WEDNESDAY, MARCH 2, 2011                                                                NATION   **5D**

# O see the poem that became the 'Star-Spangled Banner'

### Original travels to Fort McHenry, Md.

By Donna Leinwand
USA TODAY



What so proudly we hail! Robert Rayner of the Maryland Historical Society displays an original manuscript, sealed in argon gas, out of the Maryland Historical Society in Baltimore.

Eighty years ago this week, President Herbert Hoover signed a resolution establishing an American anthem: Francis Scott Key's *Star-Spangled Banner*.

On Tuesday, in preparation for its anniversary celebration, Key's original handwritten poem left the Maryland Historical Society — its home since 1953.

The paper, suspended in argon gas in a specially designed case, traveled in a Dunbar Armored car with an escort of police and dignitaries to the state Capitol building in Annapolis.

To avoid damage caused by sunlight, the document is displayed for only 10 minutes each hour.

On Wednesday, the 80th anniversary of the law, it will go on display to the public for three months at Fort McHenry, the site of the bombout battle that inspired his depiction of "the rocket's red glare, the bombs bursting in air."

Key wrote the iconic words 197 years ago in a Baltimore tavern. The country was in its second year of war with the British, and Key had just witnessed the War of 1812's Battle of Baltimore on Sept. 13 and 14, 1814.

He examined four words in a piece of paper smaller than a school notebook. "It represents the spirit of America," says Burton Kummerow, president of the Maryland Historical Society in Baltimore. "To have the document around is

really a remarkable thing. It's part of the fabric of America."

Key, an attorney, had been sent to meet with British officers on their ships in the Chesapeake Bay to negotiate the release of William Beanes, a physician from Upper Marlboro, Md., as part of a prisoner exchange. He dined with the British officers, who eventually agreed to the exchange.

But Key and his companions had spent enough time on the ship that they were now aware of the British plans to attack Baltimore, and they had seen the strength of the British fleet.

The British held Beanes, Key and other Americans on the ship so they couldn't divulge the attack plans.

Key watched from his vantage point in the bay as 50 British warships shelled Fort McHenry for 25 hours, firing nearly 1,800 bombs and rockets, Kummerow says. American soldiers repelled the land and sea attacks, The British retreated.

When the smoke cleared, Key could see the American flag still aloft over Fort McHenry. "He was really taken when he saw the flag was still flying," Kummerow

says. "It was one of those incredible, fabric of America."

Key wrote the poem that became *The Star-Spangled Banner* the night he was released, Kummerow says.

"He obviously had it well in mind," Kummerow says, noting the original sheet of paper has just two cross-outs.

It was published in several local papers as *The Defence of Fort McHenry* and became popular. It was set to music written in the 1770s.

"Francis Scott Key knew about the song, He probably had the song in mind when he wrote it," Kummerow says.

The Maryland Historical Society also owns the original sheet music.

"When Francis Scott Key wrote this song and the flag became a great symbol, it really launched that feeling of patriotism in the country," he says.

It caught on as a patriotic song by the Civil War, but it wasn't until March 3, 1931, that Hoover signed the law that made *The Star-Spangled Banner* the national anthem, Kummerow marvels, "It took more than 100 years."

---

# MARKETPLACE TODAY

usatoday.com   www.russelljohns.com/usatoday | Hours of operation: Mon. - Fri., 8:30 a.m. - 6:00 p.m. (EST) | To advertise call 1.800.397.0070 Toll-free in the U.S. only

---

### USA TODAY's Affluent Readers Have Mass Buying Power

Contact us to promote your product in our

**SHOP TODAY** or **SHOP FOR GIFTS TODAY**

advertising features.



**1-800-397-0070**

usatoday@russelljohns.com

---

# MARKETPLACE TODAY

Do you have a business, real estate, or travel opportunity to market?
Do you have a product to sell or service to offer?

## USA TODAY's MARKETPLACE TODAY

is the answer, offering a variety of sizes and
frequency rates to fit your budget.

For more information, contact us today:

# 1-800-397-0070