UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**PAUL BLACK** and **DANIEL ALLEN JOHNSON,** on behalf of themselves and all other similarly situated individuals**,**

    **Plaintiffs,**

v.                                                            Case No.   3:09-cv-502-J-32JRK

**WINN-DIXIE STORES, INC,**
a Florida Corporation,
    **Defendant.**
_____/

## FINAL APPROVAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT

**THIS CAUSE** came before the Court on June 7, 2011 for a Fairness Hearing, after notice thereof was given to all class members who could be identified through reasonable effort. (Doc. 51). The purpose of the Fairness Hearing, the record of which is incorporated by reference, was (a) to determine whether this action should for settlement purposes be certified as a class action pursuant to Rule 23(b)(3) and (b)(2) Fed. R. Civ. Proc.; (b) to determine whether the Class Action Settlement Agreement (hereinafter referred to as the "Settlement" or "Settlement Agreement") is fair, reasonable, just and adequate and should be finally approved; (c) to determine the amount of attorneys' fees and expenses that should be awarded; (d) to determine the amount of the incentive award that should be awarded to the Class Representatives; (e) to entertain any objections of any affected persons as to approval of the Settlement Agreement, and all matters related thereto; (f) to determine whether final judgment should be entered thereon,

1

pursuant to the terms of the Settlement Agreement; and, (g) to rule on all other matters related to or impacted by the Settlement Agreement.

The Court has considered the terms of the Settlement Agreement between the parties, reviewed all pleadings, relevant briefs and other papers in this matter, considered the lack of objections, heard arguments of counsel, and deliberated and considered the totality of the circumstances surrounding the Settlement Agreement. Based upon the foregoing, the Court hereby **ENTERS FINAL JUDGMENT** as follows:

## I   Background

### A.   Plaintiffs' Claims

Paul Black and Daniel Allen Johnson ("Plaintiffs" or "Class Representatives") filed their Class Action Complaint (Doc. 1) against Defendant Winn-Dixie Stores, Inc. ("Winn-Dixie" or "Defendant") on June 5, 2009.  Therein, Plaintiffs allege that Winn-Dixie violated the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*; specifically 15 U.S.C. §§ 1681 b(b)(2)(A) and 1681 b(b)(3)(A), by using Plaintiffs' and other putative class members' consumer reports in processing employment applications without obtaining the proper authorization and without providing disclosures to the applicants. Further, Plaintiffs allege that Winn-Dixie used information contained in the consumer reports to take adverse action against the individuals but failed to provide at least five business days' notice, as required by the FCRA, of its intent to do so.  Winn-Dixie denies these allegations generally and specifically.

### B.   The State of Litigation and the Settlement Negotiations

The parties conducted both formal and informal discovery early in this matter. Winn-Dixie documents were produced and Plaintiffs' own evidence was disclosed. Discovery was sufficiently

significant and complete for Plaintiffs to then agree to commence settlement discussions and mediation. Thereafter, the parties engaged in productive and extended settlement talks with an in-person mediation. After extensive negotiations, the parties ultimately reached a settlement for both the Damages Class and the Injunctive Relief Class. The Court therefore finds that the Proposed Settlement was the product of arm's-length negotiations between informed opponents otherwise at odds for the entire litigation.

### C.     Preliminary Approval and Order Directing Notice to the Classes

The Court preliminarily approved the proposed Settlement Agreement between the parties by Order dated January 26, 2011 (Doc. 45, the "Preliminary Approval Order"), and directed notice to the Settlement Class of the status of the pendency of this class action and the terms of the proposed Settlement, the manner of submitting objections, the manner of submitting requests for exclusion, and the date of the Fairness Hearing.

### D.     Notice to the Class

In accordance with the Preliminary Approval Order, the Class Administrator established and maintained a Settlement Website, a Telephone Assistance Program, mailed a Long-Form Notice to the Damages Class members and published the Injunctive Relief Class Notice. (Doc. 51 Affidavit Regarding Notice Dissemination). Notice to the Settlement Classes was constitutionally adequate, both in terms of substance and the manner of dissemination. The Class Notices contained all of the essential elements necessary to satisfy any due process concerns. Specifically, the Class Notices fairly and adequately: (1) described the terms and effect of the Agreement and of the Settlement, (2) gave notice to the Settlement Classes of the time and place of the Fairness Hearing, and (3) described how the recipients of the Class Notices may exclude

themselves from the Settlement Classes and/or object to approval of the Settlement. The content of the Notices, therefore, satisfied all requirements of Rule 23, Fed.R.Civ.P. and due process.

The Class Action Administrator took reasonable steps to find more current addresses for those mailings that were returned and additional notices were mailed to the new addresses. The Publication Notice was published in USA Today and on the website. The manner in which the Notice was disseminated satisfied due process and Rule 23, Fed.R.Civ.P. The Court further finds that the timing of the dissemination of the Class Notice, at least 45 days prior to the Fairness Hearing, comports with due process and the requirements of Rule 23.

### E.     Class Action Fairness Act Notice

On October 22, 2010, Defendant provided notice of the Proposed Settlement via overnight courier to the Attorney General of the United States and to the attorneys general of all states and United States territories where Class Members reside, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. In addition, the Fairness Hearing took place more than 90 days after the notice was provided by Class Counsel, in compliance with 28 U.S.C. § 1715(d).

### F.     Class Certification Findings

The Court finds, for purposes of the Settlement, that the requirements of Fed. R.Civ.P. 23(a), the United States Constitution, and the Rules of the Court and any other applicable law have been met as to the Settlement Class, in that:

    1.     This Court has subject matter jurisdiction over the claims at issue in this Action, as well as *in personam* jurisdiction over the named parties and the Settlement Classes.

4

      2.      The Preliminary Approval Order, which preliminarily approved the class action settlement, was appropriate and warranted under the circumstances.

      3.      The Settlement Classes are defined as:

*a.*      The "Damages Settlement Class" is defined to include:

> All consumers residing in the United States who, between June 1, 2007 and February 8, 2008: (i) were employed by Defendant; (ii) were the subject of a post-hire consumer report used by Defendant to make an employment decision; and (iii) against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report.

*b.*      The "Injunctive Relief Settlement Class" is defined to include:

> All persons residing in the United States (including all territories and other political subdivisions of the United States) who during the period June 5, 2007 to the date of January 26, 2011, made application(s) for employment with Defendant.

The Damages Settlement Class is a subset of the Injunctive Relief Settlement Class. The Damages Settlement Class does not include persons who timely opted out of that Class; however, any Damages Settlement Class Member who timely opts out remains a member of the Injunctive Relief Settlement Class. Both classes also exclude (i) all judicial officers in the United States and their families through third degree of relationship; and (ii) all persons who have already settled or otherwise compromised their claims against Defendant.

      4.      The Damages Settlement Class and the Injunctive Relief Settlement Class are sufficiently well-defined and cohesive to warrant certification as a class under Fed.R.Civ.P. 23(a), 23(b)(2) and (b)(3).

5. The claims of Paul Black and Daniel Allen Johnson are typical of the claims of the Classes, in that they arose out of the same pattern of alleged misconduct which injured members of the Damages Settlement Class and the Injunctive Relief Settlement Class.

6. Paul Black and Daniel Allen Johnson are adequate class representatives whose interests are consistent with the interests of the Settlement Classes.

7. Leonard A. Bennett of Consumer Litigation Associates, P.C. and Janet R. Varnell of Varnell and Warwick, P.A., as Class Counsel, have fairly and adequately represented the interests of the Settlement Class. In making that determination, the Court considered these factors: (i) the work Class Counsel has done in identifying or investigating potential claims in this action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) Class Counsel's knowledge of the applicable law; and (iv) the resources Class Counsel committed to representing the class. Class Counsel have a wide range of experience with respect to complex and class action litigation. Class Counsel have demonstrated their familiarity with the claims and facts in this case, and have negotiated, at arms length, a fair, adequate and reasonable settlement. The Court finds that the "adequacy of representation" requirements of Rule 23(a)(4) have been satisfied.

8. Each of the Class Representatives has standing to assert their claims.

9. This case is manageable for settlement purposes with certification of the above defined Settlement Classes. Class action resolution of the claims at issue is superior to individual litigation for the fair and efficient adjudication of the controversy, since individual litigation could be prohibitively expensive for unrepresented class members to pursue. *See* Roper v. Consurve, Inc., 578 F.2d 1106 (class certification appropriate where claims of a large

number of individuals can be adjudicated at one time, with less expense than would be incurred in any other form of litigation).

    10. The Damages Settlement Class is at least 777 members and is so numerous that joinder of all Settlement Class Members is impracticable. *See* Kuehn v. Cadle Col, Inc., 245 F.R.D. 545, 548 (M.D.Fla. 2007) ("Although mere numbers are not dispositive, the Eleventh Circuit's general rule is that 'less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.' ") (*quoting* Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986)). Accordingly, the "numerosity" requirement of Rule 23(a)(1) is satisfied.

    11. There are questions of law or fact common to the Settlement Class Members in the claims asserted. *See* Williams v. Mohawk Indus., Inc., 586 F.3d 1350, 1355 (11th Cir. 2009). ("Commonality requires 'that there be at least one issue whose resolution will affect all or a significant number of the putative class members.' ") (*quoting* Stewart v. Winter, 669 F.2d 328, 335 (5th Cir. 1982)). The requirements of Rule 23(a)(3) and 23(b)(3) are satisfied based upon the Court's analysis of the legal and factual issues in this action.

    12. The Class Representatives have fairly and adequately protected the interest of the Settlement Class Members. *See* Landon v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1254 (11th Cir. 2004) ("Adequacy of representation is primarily based on 'the forth rightness and vigor with which the representative party can be expected to assert and defend the interest of the ... class' and 'whether plaintiffs have interest antagonistic to those of the rest of the class.' ") (*quoting* Kirkpatrick v. J.C. Bradford & Co., 827 f.2d 718, 726 (11th Cir. 1987).

  **G.** **The Settlement was Fair, Adequate and Reasonable**

**1.     Relief to the Classes**

The Settlement proposed by the parties is fair, adequate and reasonable, and it deserves final approval. It provides immediate benefits to all Settlement Class Members in the form of significant relief and benefits. Specifically:

*a.     Damages Settlement Class.* Winn-Dixie shall be responsible for payment, into a fund, in the amount of $385,000 (Three hundred and eighty-five thousand dollars; the "Common Fund") to be equally distributed among the members of the Damages Settlement Class after the deduction of awarded attorneys fees, costs and incentive awards. Defendant's records show that the Damages Settlement Class consists of approximately 777 members, entitling each member to a net payment of approximately $340.41 (Three hundred and forty dollars and forty one cents) from the Settlement after the deduction of fees, costs and incentive awards.

*b.     Injunctive Relief Settlement Class.* Separate and apart from the relief for the Damages Settlement Class, Winn-Dixie has consented to make meaningful changes to the process and system it uses to make the disclosures required by 15 U.S.C. §1681 b(b)(2)(A) before Winn-Dixie accesses a consumer background check. Winn-Dixie denies that its previous procedures were unlawful. However, this consent order will better ensure that Winn-Dixie provides these disclosures by imposing changes to its online application process. These changes will provide Class Members and others who may apply for employment with Winn-Dixie in the future a more certain ability to obtain the FCRA disclosures required at §1681 b(b)(2)(A) in writing.

As no monetary consideration is provided, none of the Injunctive Relief Settlement Class members will release any of their substantive claims. The only change in position for

Injunctive Relief Settlement Class members is a restriction on their ability to prosecute in the future by a class action a claim for a pre-settlement violation of §1681 b(b)(2)(A).

The Settlement avoids complex, expensive, and prolonged litigation which could have inured to the disadvantage of all parties. It is possible that absent a settlement, individual class members could have faced the risk of receiving no benefits or relief as a result of the Defendants prevailing on their affirmative defenses at trial.

### 2.  Release of Claims

The Damages Settlement Class Members shall release Defendant from claims arising from the facts alleged in the Complaint. The Proposed Settlement does not contain a general release.

The response of the Settlement Class to this Settlement has been overwhelmingly favorable. Not a single individual has objected to the Settlement. There was only one opt-out of the Settlement Class.

### 3.  Class Representative Incentive Awards

The Class Representatives request incentive awards in the amount of $2,500 each (for a total of $5,000) for their active participation in this litigation. The Court finds that the two $2,500 incentive awards requested by the Class Representatives are appropriate and reasonable considering that these representatives (1) initiated these class actions to enforce the FCRA with full knowledge of their required active participation and the potential exposure to costs and attorneys' fees; and (2) responded to document production requests and interrogatories and fully responded to all Class Counsel inquiries regarding the settlement proposals. *See* Pinto v. Princess Cruise Lines, Ltd., 513 F.Supp.2d 1334, 1344 (S.D.Fla.2007).

### 4. Attorney Fees

Pursuant to the Settlement Agreement and Fed. R. Civ.P. 23(h), the Class Representatives filed an unopposed Motion for Attorney's Fees and Costs and for Incentive Award. (Doc.48). Therein, Class Counsel requests an award of attorneys' fees and court costs in the total amount of $148,000, which is the same amount contained in the Class Notice disseminated to the Settlement Class. This amount represents reimbursement of out-of-pocket costs and expenses and attorney fees advanced for legal services rendered in successfully obtaining a common benefit for the Settlement Class.

#### a. Common Fund Attorney Fees

Class counsel seeks an award of attorney fees and expenses equal to 30% of the $385,000 common fund of monetary relief provided to the Settlement Class. The United States Supreme Court and the Eleventh Circuit have noted that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole. *See* Boeing Co. v. Van Gemert, 100 S. Ct. 745 (1980); *see also* Camden I Condominium Ass'n, Inc. v. Dunkle, 946 F.2d 768, 771 (11th Cir. 1991) ("Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval.").

In Camden I, the Eleventh Circuit held that "the percentage of fund approach [as opposed to the lodestar approach] is the better reasoned in a common fund case. Henceforth, attorney fees awarded from a common fund in this Circuit shall be based upon a reasonable percentage of the fund established for the benefit of the class." Camden I, 946 F.2d at 774. "There is no hard and fast rule mandating a certain percentage of a common fund which may reasonably be

10

awarded as a fee because the amount of any fee must be determined upon the facts of each case." Id. Nevertheless, as a general statement, "[t]he majority of common fund fee awards fall between 20% to 30% of the fund," although "an upper limit of 50% of the fund may be stated as a general rule, although even larger percentages have been awarded." Id. at 774-75.

The Eleventh Circuit has listed several factors by which a trial court should evaluate the circumstances of each case to determine the reasonableness of the percentage awarded to class counsel as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.

Camden I, 946 F.2d at 772 n.3.

The Court also notes that the amount requested by Class Counsel includes approximately $10,201.15 in litigation expenses. After considering these factors, this Court finds that the requested award of 30% of the common fund for the Damages Class is justified.

### b. Attorney Fees for Injunctive Relief

In addition to the monetary relief provided to the Damages Settlement Class, this Settlement provides for injunctive relief to a larger class in the form of a Consent Order. As compensation for the injunctive relief portion of this settlement, Class Counsel seeks and Defendant agreed to pay an additional $32,500. This additional payment is being paid over and above the relief provided to the Settlement Class and therefore will not reduce Class benefits.

11

In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. Su v. Electronic Arts, Inc., 2007 U.S. Dist. LEXIS 72961 at *9-10 (M.D.Fla. Aug. 29, 2007) (*citing* City of Burlington v. Daaue, 505 U.S. 557, 562 (1992). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at *11, n. 2 (*citing* Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

As evidenced by the Affidavits of Leonard A. Bennett and Janet R. Varnell, lead counsel representing Class Representatives, the billing rates for the attorneys involved in this litigation range from $375 and $450 per hour. (*See* Exhibits 1 and 2 to Doc. 48). Class Counsel have extensive experience in class action and consumer litigation with substantial expertise in the investigation and prosecution of complex litigation and class actions, including those involving the Consumer Credit Protection Statutes and the Fair Credit Reporting Act. Id. The Court finds that the hourly rates applied here are reasonable in light of the Jacksonville market and the expertise necessary to litigate class action claims in Federal Court. Class Counsels' request for additional fees in the amount of $32,500 is reasonable.

Accordingly, and for the additional reasons stated on the record at the Fairness Hearing, it is hereby

**ORDERED AND ADJUDGED:**

The certification of this proceeding as a class action pursuant to Rule 23(b)(3) and 23 (b)(2), Fed.R.Civ.P. is finally APPROVED.

The Settlement set forth in the Settlement Agreement is, in all respects, fair, reasonable, adequate and just to the Settlement Class Members, and is finally APPROVED. Judgment as set forth herein is entered thereon, and the parties are directed to perform and carry out their respective obligations under the Settlement Agreement as approved by this Final Judgment and otherwise consistent therewith. The Settlement Agreement does not preclude an action to enforce its terms or this Final Judgment.

This Court GRANTS the Class Representative's request for incentive awards totaling $5,000.

The Class Representatives' unopposed Motion for An Award of Reasonable Attorney's Fees and Cost Reimbursement and for Incentive Awards to Class Representatives (Doc. 48) is **GRANTED.** The Court finds and determines that Class Counsel and Class Representatives should be and are awarded the sum of $115,000.00, as compensation for their services in the prosecution and settlement of the Damages Class and $32,500 as compensation for their services in the prosecution and settlement of the Injunctive Relief Class, to be paid in accordance with the Settlement Agreement. This sum satisfies all the Defendant's obligations and Defendant shall have no other liability or responsibility, separately or severally, relating to the division of fees between and among Class Counsel.

All claims asserted in this action are **DISMISSED** on the merits and **WITH PREJUDICE.** Class Representatives, all Non-Excluded Class Members, and Counterclaim Defendants retain all rights not released or adjudicated by the Settlement Agreement or this Final Order and Judgment.

The Court retains continuing jurisdiction over: (a) all matters and issues relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement and this Final Order and Judgment, and (b) all parties to this action, including all Non-Excluded Settlement Class Members, for the purposes of enforcing and administering the Settlement Agreement and this Final Order and Judgment.

The Clerk shall close the file.

**DONE** and **ORDERED.**

HONORABLE TIMOTHY J. CORRIGAN
United States District Judge

Copies:

Counsel of Record